No. 49.—JOHN H. RANDOLPH v. The Widow and Heirs of JOHN L. CHAPMAN.

The holder of promissory notes secured by mortgage on real estate, importing a confession of judgment may proceed *in rem* after the mortgagee has died, to foreclose the mortgage without provoking the appointment of an administrator to represent the succession.

Where the act of mortgage imports a confession of judgment, and no partition of the estate has been made among the heirs, the mortgage creditor may seize and sell the hypothecated property, as if the original debtor were still alive.

If the widow and heirs of the deceased husband whose property is specially mortgaged, be non residents, the mortgage creditor in a suit against the mortgaged property, may provoke the appointment of a curator *ad hoc* to represent them.

APPEAL from the Twelfth District Court, parish of Catahoula. *Crawford*, J. *Mayo & Spencer* for plaintiff and appellant, *G. S. Mayo* curator *ad hoc* for appellees.

LUDELING, C. J. This suit was instituted to enforce the payment of certain promissory notes, executed by John L. Chapman. The notes were secured by special mortgage on lands situated in the parish of Catahoula. The plaintiff alleging that John L. Chapman was dead, and that his widow and heirs were absentees, prayed that a curator *ad hoc* be appointed to represent them in the proceedings, and he prayed for the sale of the mortgaged property to satisfy his debt.

A curator *ad hoc* was appointed and he filed an exception alleging that the heirs, some of whom are minors, have not accepted the succession, without the benefit of inventory; that the widow has the right to renounce the community; and that the curator *ad hoc* is without power to stand in judgment. He prays that an administrator be appointed to represent the succession.

This exception was sustained by the District Judge, and the suit was dismissed.

We think there is error in the judgment. The plaintiff had the right to proceed *in rem* to foreclose his mortgage, without provoking the appointment of an administrator to administer the succession. If the act import a confession of judgment, and there have been no partition of the estate among the heirs, "the creditor shall be entitled to seize and sell the hypothecated property, *as if the original debtor were still alive.*" C. P. art. 66; 1 An. 204, Boguille, Administrator, *v.* Faille: 2 An. 916; 12 An. 551, 591. The case of the State *v.* Leckie, 14 An. 641 relied on by defendants, is not in point. In that case the proceedings were not *in rem*.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be avoided and reversed, that the exception filed in the suit be overruled, and that this case be remanded to be proceeded with according to law, and that the appellees pay the costs of appeal.