## No. 9228.

### THE STATE EX REL. CHARLES VIAL vs. THE JUDGE OF THE TWENTY-SIXTH DISTRICT COURT, PARISH OF ST. JOHN THE BAPTIST.

In computing the amount of the bond to be furnished for a suspensive appeal from a judgment dissolving an injunction with costs, the proper expenses incurred by the sheriff, as consequences of the injunction for the preservation and cultivation of a sugar plantation under seizure, may be taxed as costs occasioned by the injunction, and must be included in the amount of the bond furnished to be required for such appeal.

When the bond tendered does not cover them, a mandamus does not lie to compel the district judge to grant such appeal on such bond.

PPLICATION for Mandamus.

---

*James Legendre* and *F. B. Lee* for the Relator.

*L. DePoorter* for the Respondent.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a *mandamus*. Its object is to compel the district judge to grant the relator a suspensive appeal from the judgment dissolving an injunction obtained by him, on his furnishing a bond for a stated amount, that fixed by the judge being represented as excessive and unwarranted.

The amount of the bond tendered is $500, while that required by the judge is $3000.

The relator is the defendant in an executory proceeding. On the sworn averment that time had been allowed him, he obtained an injunction, without bond, which was subsequently dissolved, *with costs.*

There is no dispute touching the propriety or correctness of the amount of charges claimed by the sheriff for the administration of the sugar plantation seized.

In order to operate as suspensive, the appeal asked could have been granted only on the giving of a bond for a sum exceeding by one-half the amount for which the judgment was rendered.   C. P. 575.

This requirement was sanctioned in a case in which the judgment was one of *non suit,* dissolving an injunction *with costs,* the Court holding that the judgment having condemned the party to the payment of the costs, the amount of the bond was properly fixed on that basis. State vs. Judge, 19 L. 171.

In a late case, in which prescription was pleaded to obtain an injunction, without bond, against executory process, after reviewing the jurisprudence the previous Court decided that, in a suspensive appeal from such a judgment, the amount of the appeal bond should exceed by one-half that of the costs which the appellant had been condemned to pay.   State vs. Judge, 30 Ann. 314.

In a more recent case the present Court has said that, when an injunction has been dissolved without damages, the rule is that the party cast is required to furnish a bond for costs.   Hall vs. Lazarus, 34 Ann. 1210; also 36 Ann. 190.

In neither of these cases was the character, propriety or amount of the costs disputed. The costs were not of the nature of those now under consideration.

The proposition is therefore undenied that, if at the date of the judgment dissolving the injunction with costs the amount of those costs included that of the expenses claimed by the sheriff, the judge was right in refusing the bond which was tendered.

Hence, the question was simply: Whether the expenses incurred by the sheriff for the keeping and administration of the sugar plantation seized do or not form part of the costs which relator was sentenced to pay by the judgment dissolving the injunction.

Costs are the expenses which are incurred in the prosecution or defense of an action, or any legal process, accruing to court officers, and such disbursements as are allowed by law, which follow the judgment

and which may be recovered from the losing party. Burrill, Bouvier, Abbott L. D. Vo. Costs; C. P. 551, 552, 661; 9 R. 17; 9 Ann. 310; 30 Ala. 489.

Article 661, C. P., reads:

"Until the sale, the sheriff is authorized to make such disbursements as are necessary for their preservation, or even for their cultivation and clearing, if the things seized consist of lands and plantations."

In commenting upon this article, this Court once said, and it has since been guided accordingly: "There are expenses which the sheriff must necessarily pay himself, or become responsible for, in the exercise of his official duties, and which he has the right to charge for, among his costs. * * * Such are the necessary disbursements for the preservation and keeping of the property under seizure." Haile vs. Rils, 9 R. 509; also 7 R. 82; 14 L. 62; 2 Ann. 157; 3 Ann. 276; 16 Ann. 233.

Now, if the judgment dissolving the injunction with costs be affirmed on appeal, such disbursements as were necessary and properly incurred by the sheriff having been occasioned by the injunction, will surely be recoverable from the defendant in writ, and should be protected by the bond demandable for a suspensive appeal.

The reason is that the expenses were necessitated by the injunction in the hypothesis wrongfully obtained. The relator cannot be permitted to throw the liability on the plaintiff in writ and endanger the rights of the sheriff by a protracted litigation. It is nothing but just that he should be made to protect both the plaintiff and the sheriff in the bond of appeal. Those expenses or costs appear to be nearly three times larger than the amount of the bond tendered, which the judge was right in declining to accept.

It is therefore decreed that the *mandamus* asked be refused, and that the restraining order made *in limine* be rescinded with costs.

Writ refused.