### No. 10,246.

THE STATE EX REL. HUGH CAIN AND DAVID BURKE VS. F. D. KING, JUDGE OF CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS, DIVISION B.

When an injunction suit is dismissed and the injunction dissolved without damages, a bond for costs is all that the plaintiff and appellant can be required to furnish to entitle him to the appeal.

When the injunction bond has been fixed at an amount not sufficient to cover probable damages, the bond for appeal cannot be increased so as to make up the deficiency. Injunction and appeal bonds are distinct obligations, each conditioned for different purposes.

It is necessary, in order to ascertain the amount of a suspensive appeal bond, to consider what would be the effect of the judgment of the appellate court.

APPLICATION for Mandamus.

---

*Henry L. Lazarus* for the Relators.

*J. McConnell* and *W. W. Vance* for the Respondent.

---

The opinion of the Court was delivered by

McENERY, J. Relators, plaintiffs in the district court, filed a suit against Dennis McCarthy and L. W. Read, in which they alleged that they had been duly commissioned as harbor-masters for the port of New Orleans; and when in the exercise of the duties of said office and enjoying the emoluments of the same, the defendants asserted claim to

842 SUPREME COURT OF LOUISIANA.

State ex rel. Cain et al. vs. Judge.

said office and that they were without right or authority to assume the duties or to discharge the functions of said office. That pending an inquiry into petitioners' title to said office they were entitled to a writ of injunction to prevent the defendants from interfering with them in the exercise of the functions of said office, etc.

An injunction issued as prayed for, on plaintiffs furnishing a bond in the sum of eight hundred dollars.

Defendants excepted to the petition on the ground that the State alone could institute the suit. The exception was maintained and the suit dismissed.

Plaintiffs moved for a suspensive appeal, which was granted, but the amount of the bond was not fixed. The judge *a quo* asked for argument from counsel, and took evidence as to the value of the office in dispute. Plaintiffs took no part in this proceeding. The judge fixed the amount of the bond at $5,000.

Relators pray for a peremptory mandamus directing the respondent judge to grant an appeal on a bond for costs.

The error of the district judge in fixing the amount in the bond was the attempt to make the appeal bond supplement the deficiency of the injunction bond. They are distinct obligations, each conditioned for different purposes.

We are referred to several cases to support the position of respondent. In State ex rel. Cain vs. Judge Sixth District Court, 20 Ann. 374, there was an application for a mandamus to compel the granting of a suspensive appeal from a judgment determining the title to the office of Chief of Police of the city of New Orleans. The answer of the respondent was that a suspensive appeal was refused because the record did not show what the bond should be. The judgment of the court was that a suspensive appeal bond could be framed payable to the appellee in such an amount as the judge should determine, and that the amount should be fixed with a reasonable regard to the rights of appellee, particularly where the contest was one for office for which the salary was easily ascertained.

In Blanchin vs. Fashion, 10 Ann. 345, the sole question before the Court was whether an appeal from a judgment distributing $3600, when the appeal bond was fixed at $150, operated as a supersedeas. The fund was in the hands of an executive officer of the court. The judgment was that the appeal was suspensive and that the sheriff should have retained an amount to satisfy the claims of plaintiff.

In Coons vs. Judge, 27 Ann. 334, there is some confusion resulting probably from not a very clear statement of the issues involved. We

are constrained to say that the opinion therein rendered is not in accordance with the well established jurisprudence of this State. Referring to Hickey vs. Judge, 20 Ann. 108, the Court said: "Under the authority of this case we feel justified in saying that the relator is entitled to a suspensive appeal, and the bond which he should be required to give is not the value of the property in dispute but the damages which may result from the improper issuance of the injunction."

The appeal was from a judgment of non-suit. It is difficult to see how the appellate court could have given any judgment for damages for the wrongful issuance of the injunction. The only judgment, the most adverse to appellant, would have been to have affirmed the judgment, in which case the sureties on the appeal bond would only have been responsible for costs. Courts are not permitted to add conditions to bonds not authorized by law. A condition was added to the appeal bond which belonged to another bond given for a different object.

In Hart vs. Lazarus, judge, 34 Ann. 1210, this Court emphatically stated that the general rule is, when an injunction is dissolved without damages, the party cast is bound to give bond for appeal only for costs. As stated by the Court, there is no reason for a bond for damages other than the one given when the injunction was obtained, and that the judge has no authority to require other conditions than those prescribed by law, that the party may enjoy the constitutional right of appeal. It is true in this case a bond was required in addition to the injunction bond for reasons assigned by the court, but the appeal bond was fixed in an amount to cover costs only.

In the instant case there is no question raised as to the sufficiency of the injunction bond. The judgment appealed from dismissed the suit and dissolved the injunction without damages. The obligation of the surety on the bond is to satisfy whatever judgment may be rendered against the appellant on his failure to do so. Hence it is necessary, in order to ascertain the amount of a suspensive appeal bond, to consider what effect the judgment of the appellate court would produce.

There was no judgment for the payment of money, no property was ordered to be delivered, or any special act done the non-performance of which could work an injury. If appellants were cast in the appeal, the sureties on their default could not be called upon to pay any sum of money, to deliver any property or to do any act.

The only judgment that the appellate court could render against the appellants on the appeal, would be to affirm the judgment with cost,

and the liability of the sureties would be restricted exclusively to the payment of the costs of appeal. As plaintiffs and appellants could only on appeal be subjected to the payment of costs, we conclude that the amount fixed by the district judge was excessive.

It is therefore ordered that the mandamus be made peremptory, directing the district judge to reduce the amount fixed by him for a suspensive appeal for costs only, to be fixed by said respondent judge, and that the parties in interest pay costs.