### No. 10,262.

### The State ex rel. City of New Orleans vs. The Judge of the Second City Court.

Act 136 of 1880 does not repeal Act No. 90 of 1877, which is a *special* statute relative to the bringing of suits by the city of New Orleans, before justices of the peace, for the collection of licenses, and to the tax to be paid by the city on instituting such suits.

Act 136 of 1880 is a *general* statute, which fixes taxes to be paid in the shape of stamps, in all suits brought before district and city courts in New Orleans and which is not incompatible with the Act of 1877. Both can be reconciled and stand together.

Stamps for $1.50 on a license for $50 by the city is sufficient, and the city judge should issue process.

APPLICATION for Mandamus.

---

*W. B. Sommerville*, Assistant City Attorney, for the Relator.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a *mandamus*, to compel the defendant to sign and issue process in a case before his court.

The defense is, that the stamps required by law were not affixed to the claim and that, until such stamps have been attached, the judge is prohibited from acting.

It appears that the city of New Orleans brought suit by rule, against a party for a license, claiming $50 and that stamps for $1.50 were placed on the claim filed.

The city judge contends that the city ought to have affixed stamps for $3.00; that the Act of 1877, No. 90, on which the city relies, was repealed by Act of 1880, No. 136, and that by the latter, stamps for $3.00 are required, on a claim between $40 and $60.

The Act of 1877 had for its object to authorize the bringing of city suits for licenses and taxes, before courts of justices of the peace and to fix the costs in such cases.

The Act of 1880 proposed to fix the fees of clerks, sheriffs and constables in the district and city courts for the parish of Orleans.

The former was a special and the latter is a general statute.

It is true, that the Act of 1880 repeals all laws inconsistent with it and all laws on the same subject-matter, but this repeal does not apply to special laws which are not evidently or irresistibly repugnant to the general law and not on the same subject-matter.

Had the Act of 1880 distinctly stated that, in *all* cases, including those brought by the city of New Orleans for licenses, the stamps on all claims between $40 and $60 shall be $3.00, instead of $1.50, as fixed by anterior laws, the clash would have been so irresistible that the two acts could not have co-existed.

Taken together, the Acts of 1877 and of 1880 simply mean, that, except in suits brought by the city of New Orleans, under Act of 1877, the stamps in each case shall be affixed as regulated in the Act of 1880.

Repeals by implication are not favored by law.

Authorities need not be quoted on this question. It is a fact advanced by counsel representing the city, that such has been the uniform understanding and application of the law as well by city judges as by the Civil District Court in the exercise of its appellate jurisdiction over such city courts, and this statement is not contradicted.

This Court has already held, that laws anterior to first Monday in August, 1880, relative to justices of the peace, and which were not clearly repealed, are still in existence and may be enforced by the city courts created by the Constitution, Art. 135, which are assimilated to such justices. 33 Ann. 146; 37 Ann. 575.

Considering, therefore, that the required amount of stamps has been affixed by the city of New Orleans in the suit in question,

It is ordered and decreed that a peremptory *mandamus* issue to the judge of the Second City Court directing him to sign and issue the preliminary process in the suit mentioned in this proceeding, brought by the city of New Orleans against A. Chiapella, No. 71, of the docket of his court.