(51 South. 85.)

No. 17,586.

HEARD v. BLANKS.

(Jan. 3, 1910.)

*(Syllabus by the Court.)*

1. VENDOR AND PURCHASER (§ 13*)—LESION IN SALE—EVIDENCE.

Lesion in the sale is not established.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 16; Dec. Dig. § 13.*]

2. CONTRACTS (§ 99*)—VALIDITY—MENTAL CAPACITY.

Appellant's demand for the setting aside of the sale on account of the insanity of the vendor is not supported by proof of the existence of the state of facts upon which the law permits an act of sale to be set aside on the ground assigned. Civ. Code, arts. 402, 403, 1788.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 99.*]

Appeal from Sixth Judicial District Court, Parish of Ouachita; J. P. Madison, Judge.

Action by H. C. Heard, administratrix, against Robert B. Blanks, Jr. Judgment for defendant, and plaintiff appeals. Affirmed.

The administratrix of the succession of S. H. Heard (and his widow in community) instituted the present action to set aside a sale made by him of certain property on the ground of lesion, and on the further ground that at the time of the sale the vendor was notoriously insane. The district court rejected plaintiff's demand, and plaintiff appealed. On appeal the judgment appealed from is affirmed.

Dawkins & Dawkins, for appellant. W. B. Clarke, for appellee.

## Statement of the Case.

NICHOLLS, J. Plaintiff is the widow of Stephen H. Heard and administratrix of his succession. She alleged that her husband died in August, 1907; that during the six months prior to his death he was mentally insane, and his insanity was so notorious and pronounced as to be plainly noticeable to all who came in contact or engaged in conversation with him; that during the early part of June, 1907, his insanity, becoming plainly pronounced, a menace to the peace of the community, to the lives of other people, and more particularly petitioner and other members of his family, so to guard him against doing violence to other persons and restrain him from squandering his property, his son, W. S. Heard, had him taken in charge by the sheriff of Ouachita parish and instituted le-

gal proceedings to have him interdicted by your honorable court; that during these proceedings for interdiction her said husband claimed that he was in ill health, and promised, if permitted to go to a sanitarium or health resort, he would remain until restored to good health; that, having pity and compassion on his aged father, W. S. Heard desisted in prosecuting the proceedings for interdiction and had his father released, and, to assist him to visit a health resort, his other son, S. H. Heard, Jr., indorsed a note to secure money for him to pay his expenses at a health resort or sanitarium; that, after being thus released from custody by the sheriff, her said husband on the 15th day of June, 1907, while in an insane condition, sold to Robert B. Blanks, Jr., a resident of Ouachita parish, La., for $1,000 cash the following-described property, which was well worth $3,000, to wit: That certain piece or parcel of land in the town of Trenton, La., being lots 17 and 18, having a front of 60 feet each on the north side of Copely street and running back northward between parallel lines 150 feet, said land lying behind and adjoining the "mill tract" of two arpents, also lots 15 and 16, having a front of 60 feet each on Copely street and running back in a northward direction 150 feet to the upper line of the Raymond tract, also a fractional lot of ground back of and adjoining said above-described lots and now inclosed, being about 100 feet long by 25 feet wide, said sale to Robert B. Blanks, Jr., being recorded in Deed or Conveyance Book No. 55, on page 489, in clerk and recorder's office of Ouachita parish, La.— that the above property sold by her deceased husband was community property belonging to the legal community existing between her and her deceased husband, she having and owning an undivided half interest in it; that at the time and prior to making the aforesaid purchase from her said husband Robert B. Blanks, Jr., knew that her husband was mentally unsound, and that the property for which he paid only $1,000 was well worth $3,000; that said purchase was made by fraud and deceit on the part of Robert B. Blanks, Jr., or his agent, Mize, and her husband, his succession, his heirs, and she, his partner and widow in community, had suffered an injury by said sale of far more than double the price at which said property was sold; that, being the partner and widow in community of her said deceased husband and administratrix of his estate, she was entitled to have said sale annulled and rescinded on account of lesion beyond moiety; that she had made a demand for the setting aside of said sale, and tendered him the price he paid for the above-described land and improvements, interests, and costs, but he refused, and still refuses, to reconvey the property to the estate of her deceased husband, or to her as administratrix.

In view of the premises, she prayed that the said Robert B. Blanks, Jr., be cited, and that she have judgment annulling and rescinding the aforesaid sale on account of lesion beyond moiety, and for the further reason that her said husband was incapable on account of his mental insanity to make a valid sale, and for the further reason that said property was community property belonging to the community of acquets and gains existing between her and her said husband, and said sale was obtained through the fraud and deceit of said defendant, Robert B. Blanks, Jr. She prayed for other necessary orders; for costs, and general relief.

Defendant moved the court to elect which of the three grounds of attack set out in the petition he would stand on, whether on the ground of lesion beyond moiety or that S. H. Heard was insane, or whether the sale was procured by fraud and deceit, as the grounds of nullity were inconsistent.

The motion was overruled. An exception of prescription of 30 days then filed and re·

ferred to the merits. Defendant answered, pleading a general denial.

The district court rendered judgment in favor of the defendant, and plaintiff appealed.

### Opinion.

We see no necessity for passing upon the ruling of the trial court refusing to compel the plaintiff to elect.

We are satisfied under the evidence adduced on the trial that the sale complained of cannot be set aside for lesion. Not only has it been shown that the price paid for the property was not out of proportion to the value of the same, but that the purchaser was himself guilty of no fraud in the matter. The vendor sought him out, and, should the price given have been greater than it was, it was fixed by the vendor himself deliberately for the purpose of leaving the state for reasons which he himself thought (rightly or not) sufficient to justify him in so doing. The allegations made in the petition that the property was community property, and that the sale complained of was greatly injurious to the widow and the heirs of the deceased, seem to be leveled at wrongful action on the part of the husband and to assert plaintiff's right and interest to maintain the action under article 2404 of the Civil Code. There is evidence in the record going to show that her husband's mind was to some extent affected, and that, as is quite usual under such circumstances, he causelessly imagined he had just grounds of complaint against his family. He told the purchaser (who was really Mr. Mize, and not Mr. Blanks) that he had been put in jail and felt himself disgraced, but nothing goes to show that he informed him the grounds upon which he had been arrested, and the purchaser testified positively that he had no reason to know or suspect, and did not know or suspect, that there was anything the matter with Mr. Heard's mind. There was nothing connected with the con-

tract of sale calculated to place the purchaser on his guard. No causes for interdiction notoriously existed at the time. Nothing existed which could leave the purchaser deceived as to the condition of the mind of the vendor. Civ. Code, art. 402.

It appears from the evidence that, by reason of his father's actions at his home on one occasion, one of the sons caused him to be arrested with the view of sending him to the asylum, but, that two physicians having reported that he was not insane, he was at once released. No proceedings looking to an interdiction were filed in court. Such proceedings as were taken in the matter were desisted from and abandoned.

Had judicial proceedings for interdiction been in fact taken out, the legal effect attached to them by reason of their having been resorted to (Civ. Code, arts. 400, 401) would, under paragraph 12 of article 1788 of the Civil Code, have ceased on their abandonment. As it was, Heard died without further action taken against him, and the first attack made on the sale was through the present suit more than a month after Heard's death. It was then too late to make the attack. Civ. Code, art. 1788.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed.