(63 South. 198.)

No. 20,095.

J. B. LEVERT CO., Limited, v. JOHN T. MOORE PLANTING CO., Limited.

In re J. B. LEVERT CO., Limited.

(Sept. 2, 1913.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR (§ 465*) — BOND FOR SUSPENSIVE APPEAL — AMOUNT — DISSOLUTION OF INJUNCTION.

The question of the amount required to sustain a suspensive appeal from a judgment dissolving an injunction, whether issued with or without bond, is determinable from the judgment to be appealed from, and not from the injury that may result from the maintenance of the injunction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2235–2240; Dec. Dig. § 465.*]

2. APPEAL AND ERROR (§ 458*) — BOND FOR SUSPENSIVE APPEAL—DISSOLUTION OF INJUNCTION—COST.

Where an injunction, issued without bond, restraining the execution of a writ of seizure and sale, is dissolved, with costs, but without damages, the plaintiff in injunction is entitled to a suspensive appeal, upon giving bond, to be fixed by the court, with reference to the costs for which he has been condemned, and without reference to other costs, which may accrue pending the appeal, for which he has not been condemned.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2223, 2224; Dec. Dig. § 458.*]

3. APPEAL AND ERROR (§ 465*) — BOND FOR SUSPENSIVE APPEAL—AMOUNT—WAIVER OF OBJECTIONS.

Where a defendant in executory process, who has enjoined the execution of that writ, has accepted, without complaint, the ruling of the trial judge fixing the amount of the bond required for a suspensive appeal from a judgment dissolving his injunction, he cannot be heard in this court, by way of intervention in an application by the appellee for a writ of mandamus to compel the trial judge to increase the amount of the bond, to demand that such amount be reduced.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2235–2240; Dec. Dig. § 465.*]

Application for writs of mandamus and certiorari by the J. B. Levert Company, Limited, to require the John T. Moore Planting Company, Limited, to increase the amount of a bond given for a suspensive appeal, and the latter company asked that the amount of the bond be reduced. Dismissed.

Dufour & Dufour, of New Orleans, for relator. Beattie & Beattie, of Thibodaux, for respondent.

**Statement of the Case.**

MONROE, J. This is an application for a writ of mandamus directing the respondent judge to require the John T. Moore Planting Company, Limited, to increase the amount of a bond given by it for a suspensive appeal from a judgment dissolving an injunction restraining the execution of an order of seizure and sale issued at the instance of the relator.

It appears from the petition and return that, on April 23, 1913, relator obtained a writ of seizure and sale upon notes, amounting to about $100,000, secured by mortgage, importing confession of judgment, upon certain sugar plantations in the parish of Terrebonne; that, after due notice, the sheriff seized the mortgaged property and advertised it to be sold on June 7th; that on that day the defendant in the writ applied for and obtained a writ of injunction, which was issued without bond, under C. P. art. 739, § 4, restraining the sheriff from further proceeding in the matter; that plaintiff in seizure called upon plaintiff in injunction, under C. P. art. 741, to prove, in a summary manner, the truth of the allegations upon which the injunction issued; and that, after hearing, there was judgment, on July 9th, dissolving the injunction and dismissing the application therefor, at the cost of the applicant, but without damages; that the applicant thereupon filed a petition praying for a suspensive appeal from said judgment, upon which, after hearing testimony and, as we infer, the counsel for the parties, the judge made an order granting the suspensive appeal, as prayed for, upon a bond of $5,250, for the fixing of which amount he assigns the following reasons, to wit:

"The injunction herein having been dissolved, without damages, the court followed the rule laid down in the case of State ex rel. Vial v. Judge, 36 La. Ann. 910, and fixed the bond of appeal at an amount sufficient to cover the cost, including such costs and expenses, incurred by the sheriff, as a consequence of the injunction, in the preservation and cultivation of the plantation under seizure. See, also, State ex rel. Cain v. King, 40 La. Ann. 841, 6 South. 108. The amount of the bond fixed by the court was $5,250, which more than exceeded by one-half the cost which the plaintiff in injunction was condemned to pay in the judgment dissolving the said injunction, including the cost incurred by the sheriff in the preservation and cultivation of the plantation."

Counsel for relator say in their brief (and the facts are practically undisputed):

"This amount [referring to the amount fixed by the judge, and for which the bond was given] was reckoned and arrived at as being one-half over and above the disbursements made by the sheriff between June 7, 1913 (when the injunction was issued), and July 9, 1913 (when the injunction was dissolved). Costs of court for filing suit, testimony, etc., amounting to $250, were included in this amount. * * * The evidence shows that the sheriff made, and would be called on to make, disbursements, in the cultivation and maintenance of the property, in the following amounts: (1) $10,473.80, from April 13, 1913 (the date of seizure), to June 7, 1913 (the date of the issuance of the injunction); (2) $3,300, sheriff's disbursements; (3) approximately $19,000 for expenses to be incurred in the making of the crops and maintenance of the property, after July 9, 1913 (when the injunction was dissolved and the appeal granted), and until the properties be sold, when the judgment of this court shall have become final.

"The sole question in the case is: Has the judge required bond in a sufficient amount? The leading, and probably the only, positive authority in this state is the case of State ex rel. Vial v. Judge, 36 La. Ann. 910. * * * It is asserted * * * that, under the authority of that case, the costs which determine the amount of the appeal bond are those costs incurred by the sheriff between the date of the issuance of the injunction and the date of its dissolution. We respectfully dissent from the view taken by the judge below and from the interpretation placed by him upon the Vial Case."

## Opinion.

[1, 2] The Code of Practice (article 739) provides that the debtor may arrest the sale of the thing seized under executory process by alleging either of eight reasons, among which is:

"4. That time has been granted * * * for paying the debt, although this circumstance be not mentioned in the contract."

And it further provides that (article 740):

"When the judge grants an injunction, on the allegation under oath of any of the reasons mentioned in the preceding article, he shall require no surety from the defendant, but he shall pronounce summarily on the merits of his opposition, if the plaintiff requires it, as is explained below."

In the instant case, the reason alleged in the application for injunction was that above quoted, and no surety was required of the applicant, from which it follows that the

plaintiff in the seizure must look to the plaintiff in injunction alone to make good all loss and damage sustained by reason of the issuance and maintenance of the injunction, which, if there were no appeal, would include all the costs incurred in the defense of the injunction suit, or otherwise resulting therefrom. Availing itself of the right conferred by C. P. art. 741, the plaintiff in the seizure called upon the plaintiff in injunction "to prove, in a summary manner, the facts alleged in his opposition," and the plaintiff in injunction having failed to make the proof, there was judgment dissolving the injunction, dismissing the opposition, and condemning the plaintiff in injunction to pay the costs—i. e., the costs that had been incurred by reason of the filing of the opposition and the issuance of the injunction; and plaintiff in injunction, desiring to suspend the execution of that judgment by appeal, was required to give a bond, not with reference to the loss or damage which might result from the issuance of the injunction, or its continuance in force, but with reference to the particular judgment appealed from, which meant a bond sufficient to secure the appellee with respect to the costs for which the appellant was thus condemned. And, as the appellant was not condemned to pay any costs save those which had been incurred between the date of the issuance of the injunction and that of its dissolution, the appeal bond does not, and cannot, properly be made to cover any other costs.

In State ex rel. Williamson v. Judge, 30 La. Ann. 314, in which, as in this case, the relator had obtained a writ of seizure and sale, under C. P. art. 739, § 8 (without bond), and had applied for a suspensive appeal from a judgment dissolving the injunction, it was held by this court (quoting from the syllabus):

"In a suspensive appeal from a judgment dissolving an injunction, without damages, the

amount of the appeal bond need only exceed by one-half *the costs for which the appellant was condemned by the judgment to pay.*" (Italics by the present writer.)

In the course of the opinion in the case thus quoted it was said:

"As to the parties' right to an appeal, and as to the form, the conditions, the effect of an appeal, the Constitution and the law make no distinction between those taken from judgments maintaining or dissolving injunctions granted with or without bond, and we can make none. * * * The law is so clear, so free from doubt, that its letter cannot be disregarded, under the pretext of pursuing its spirit. It may be that it ought to be amended or changed—that, as it is, it leaves the door too wide opened to groundless defenses, to the litigation often resorted to to gain delay; but until changed or amended it must be enforced as enacted."

In State ex rel. Vial v. Judge, 36 La. Ann. 910 (the case to which the respondent judge and the counsel for relator refer), it appeared that relator had enjoined the execution of an order of seizure and sale, without bond, upon the same allegation that was made in this case, and, the injunction having been dissolved, had prayed for an appeal, upon a bond of $500, when the amount fixed by the judge was $3,000, and that he had applied to this court, as the relator herein has done, for a writ of mandamus. As we understand the opinion, though the fact is not stated in terms, the $3,000 fixed by the judge represented an amount exceeding by one-half the costs for which the relator had been condemned, and which included the expense of operating a sugar plantation, pending, and up to the dissolution of, the injunction.

Bermudez, C. J., as the organ of the court, said:

"The relator is the defendant in an executory proceeding. On the sworn averment that time had been allowed him, he obtained an injunction, without bond, which was subsequently dissolved, with costs. There is no dispute touching the propriety or correctness of the amount of charges claimed by the sheriff for the administration of the sugar plantation seized. In order to operate as suspensive, the appeal asked could have been granted only on the giving of a bond for a sum exceeding by one-half the

amount for which the judgment was rendered. C. P. art. 575."

After citing several cases as supporting the rule thus stated, the opinion proceeds:

"The proposition is therefore undenied that, *if at the date of the judgment dissolving the injunction with costs the amount of those costs included that of the expenses claimed by the sheriff, the judge was right in refusing the bond that was tendered.*" (Italics by the writer of this opinion.) "Hence the question was simply whether the expenses incurred by the sheriff for the keeping and administration of the sugar plantation seized do or do not form part of the costs which relator was sentenced to pay by the judgment dissolving the injunction?"

And the question so suggested was answered in the affirmative.

In State ex rel. Cain et al. v. King, 40 La. Ann. 844, 6 South. 108, it appeared that plaintiffs had enjoined certain parties from exercising the functions of certain offices, and had given bond in an amount fixed by the trial judge, that the injunction had been dissolved, and that, on their applying for a suspensive appeal, the judge heard testimony as to the value of the offices, and upon that basis required relators to give bond in the sum of $5,000, whereupon they applied to this court, where it was held (quoting from the syllabus):

"When an injunction suit is dismissed, and the injunction dissolved without damages, a bond for costs is all that the plaintiff and appellant can be required to furnish to entitle him to the appeal. When the injunction bond has been fixed at an amount not sufficient to cover probable damages, the bond for appeal cannot be increased so as to make up the deficiency."

It is evident that, if the theory propounded by the relator now before the court were well founded, and an appeal bond, in a case such as this, could be required to cover matters not included in the judgment appealed from, then, in the case cited, it should have been required to cover the possible loss of emoluments by the parties enjoined, pending the appeal. The question of the amount of the bond required to sustain a suspensive appeal from a judgment dissolving an injunction, whether issued with or without bond, is, however, determinable from the judgment to be appealed from, and not from the injury which may result from the maintenance of the injunction.

[3] Counsel for the appellant have filed in this court a pleading, called an intervention, with a brief in its support, in which they take the position that the expense incurred by the sheriff for the making of the crop and the maintenance of the property is not "costs" of a character for which the bond of appeal could be required, and they pray (in the name of their client) that the amount of the bond, as fixed by the trial judge, be reduced to $500. But, whatever may be the merits of that contention, it cannot be entertained as thus presented, since, as it appears to us, the appellant accepted, without complaint, the ruling of the trial judge in fixing the amount of the bond at $5,250, and has no standing now to complain of it, in the manner in which the complaint is made.

It is therefore ordered, adjudged, and decreed that the relator's demand, as also that of the John T. Moore Planting Company, Limited, be denied, and that this proceeding, together with the "intervention" of said Planting Company, Limited, be dismissed, at the cost of the relator.