The judgment appealed from is therefore affirmed.

See dissenting opinion of PROVOSTY, J., 77 South. 478.

———

(77 South. 479)

No. 21815.

TWOMEY v. PAPALIA.

(March 6, 1916. On the Merits, Oct. 29, 1917. Rehearing Denied Jan. 3, 1918.)

*(Syllabus by the Court.)*

On Motion to Dismiss Appeal.

1. APPEAL AND ERROR ⬅871(3)—MOTION TO DISMISS APPEAL — APPELLANT'S INTEREST IN SUIT.

The question whether the appellant has an interest in the suit, being a matter decided in the judgment appealed from, cannot be disposed of or considered on a motion to dismiss the appeal.

2. APPEAL AND ERROR ⬅607(2)—TRANSCRIPT OF APPEAL—FURTHER INSTRUCTIONS.

If an appellee is not satisfied with the transcript of appeal to be made according to the appellant's instructions to the clerk of the trial court, his remedy is to give further instructions to the clerk, under Act No. 229 of 1910.

3. APPEAL AND ERROR ⬅465(1)—SUSPENSIVE APPEAL—BOND.

A bond for the amount fixed by the district judge will sustain a suspensive appeal from a judgment that does not condemn the appellant to pay a sum of money or to deliver personal property.

On the Merits.

4. INJUNCTION ⬅171—MOTION TO DISSOLVE THE WRIT—JURISDICTION.

Although the maintenance of a rule to show cause why an injunction should not issue ought to dispose of the question whether the plaintiff is entitled to the writ on the face of the pleadings, nevertheless, if the defendant afterwards moves to dissolve the writ on the ground that the petition does not disclose a legal cause or ground for an injunction, the judge has authority to consider the motion, and to dissolve the writ if the petition does not set forth a legal cause or ground for an injunction.

5. CONTRACTS ⬅92—ANNULMENT—INSANITY OF PARTY.

A contract should not be annulled on the ground that one of the contracting parties was insane when the contract was made, if it was made prior to the filing of a suit to interdict him, except on the allegation and proof either that he was notoriously insane or that the other party to the contract could not have been deceived as to the state of mind of the insane party.

6. MORTGAGES ⬅440—DEATH OF MORTGAGOR—FORECLOSURE.

The right of a creditor whose claim is secured by an authentic act of mortgage, importing confession of judgment and containing the pact de non alienando, to foreclose the mortgage by executory process, after the death of the mortgagor, does not depend upon whether the heirs of the deceased mortgagor accept his succession unconditionally or under benefit of inventory. Hence the widow and heirs of the deceased mortgagor are not entitled to have 10 days' notice in person before the mortgagee can proceed by executory process to foreclose his mortgage.

7. INFANTS ⬅78(1)—TUTOR AD HOC—FORECLOSURE PROCEEDING — DEATH OF MORTGAGOR.

When a defendant in executory proceedings has died, leaving a widow and minor children, and there has been no appointment nor demand for appointment of an administrator or other succession representative, the plaintiff in the

executory proceedings may have a tutor ad hoc appointed to represent the minor heirs, and continue the proceedings against him and the widow as surviving partner in community.

8. MORTGAGES ⬳413 — FORECLOSURE PROCEEDING—INJUNCTION.

The widow of a deceased mortgagor has no right to prevent a foreclosure of the mortgage by injunction on the ground that she is in necessitous circumstances, and, as such, is entitled to $1,000 from the succession, in preference to the mortgagee. Her remedy is by way of third opposition.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Executory proceedings by Frank B. Twomey against Pasquale Papalia, in which, after the death of the defendant, plaintiff obtained the appointment of a special tutor ad hoc of the minor children, and served notice of the executory proceedings upon him, and in which the widow filed a petition praying for a writ of injunction. From a judgment dissolving the writ of injunction, the widow, plaintiff in the injunction suit, appeals. Motion to dismiss appeal denied, and judgment affirmed.

Theodore Cotonio, of New Orleans, for appellant. Felix J. Dreyfous and Alfred D. Danziger, both of New Orleans, for appellee.

### On Motion to Dismiss Appeal.

O'NIELL, J. Pasquale Papalia died during the pendency of these executory proceedings against him. His widow in community was served with the notice to pay, and she enjoined the sale of the property on several grounds. On a rule obtained by the plaintiff in the executory proceedings, the writ of injunction was dissolved, and the widow has appealed from the judgment dissolving the injunction.

[1] The plaintiff, appellee, has moved to dismiss the appeal on three grounds. The first is that the widow in community has no interest in the community property as the succession of her deceased husband is insolvent, and that therefore she has no right to this appeal. The question thus presented cannot be considered on a motion to dismiss the appeal, because it is one of the issues to be considered and decided on the appeal. State ex rel. Duffel v. Marks, 30 La. Ann. 70; Baker v. Frellsen, 32 La. Ann. 822; Dardenne v. Schwing, 111 La. 318, 35 South. 583. One of the grounds on which the writ of injunction was obtained was that the widow had not been granted the delay allowed by law for deciding whether she would accept or renounce the succession as surviving partner in community. The writ of injunction was dissolved on the face of the pleadings, and we cannot, on the motion to dismiss the appeal, decide that the succession of Pasquale Papalia is insolvent and that his widow has no interest herein.

[2] The second ground of the motion to dismiss the appeal is that the transcript is incomplete, in that it does not contain the petition for the order of seizure and sale. Our answer to that complaint is that, if the appellee desired to have his petition embodied in the transcript, his remedy was to give instructions to the clerk of the civil district court. Brown v. Staples, 138 La. 602, 70 South. 529; Act No. 229 of 1910.

[3] The third ground on which the appellee moves to dismiss the appeal is that the appeal bond is not sufficient. As the judgment appealed from did not condemn the appellant to pay a sum of money, the law required that the district judge should determine and fix the amount of the appeal bond. The appellant furnished a bond for the sum fixed by the trial judge, and that is all the law required of her. See Levert v. Moore Planting Co., 133 La. 591, 63 South. 198.

The motion to dismiss the appeal is denied.

### On the Merits.

The plaintiff, being the holder of a promissory note signed by Pasquale Papalia, se-

cured by an authentic act of mortgage, importing confession of judgment and containing the pact de non alienando, instituted executory proceedings against the mortgaged property of Papalia. Three months before the foreclosure suit was filed, the wife of Papalia sued to have him pronounced insane and interdicted. Nearly five months after the filing of the foreclosure suit, the plaintiff, learning of the interdiction suit, applied for and obtained the appointment of an administrator pro tempore in the interdiction proceedings, intending to have notice of the executory proceedings and a copy of the demand for payment served upon him. The plaintiff in the interdiction suit had not asked that an administrator pro tempore be appointed.

Soon after, perhaps the next day after, the administrator pro tempore was appointed, and before service was made on him, Papalia died, leaving a widow and two minor children, issue of their marriage. The widow did not cause the succession to be opened, nor ask that an administrator be appointed, nor qualify as tutrix of her minor children. The plaintiff in the executory proceedings, therefore, caused notice of the proceedings and a copy of the demand for payment to be served upon the widow, individually and as surviving partner in community, the mortgaged property being community property, of which the widow owned one half and the minor children inherited the other half. At the same time, the plaintiff in the executory proceedings applied for and obtained the appointment of an attorney at law as special tutor and curator ad hoc of the minor children, and had notice of the executory proceedings and a copy of the demand for payment also served upon him.

The widow, in response to the notice served upon her, filed a petition in the executory proceedings, praying for a writ of injunction to prevent the sale of the mortgaged property, on the following grounds, viz.:

First. That the executory proceedings were null because Papalia was insane, and a suit for his interdiction was pending when the executory proceedings were filed.

Second. That Papalia was of unsound mind when he contracted the alleged debt and gave the mortgage to Twomey.

Third. That petitioner was not liable for a debt of her husband; that she had not accepted the community; and that the delays for deliberating, within which she might renounce the community or accept it under benefit of inventory, had not expired.

Fourth. That there was no administrator or other representative of the succession of the deceased Papalia, on whom service could be made legally in the executory proceedings.

Fifth. That the minor children of Papalia were not liable for his debts, they having by effect of the law accepted the succession under benefit of inventory.

Sixth. That, if the plaintiff in the executory proceedings was a creditor of Papalia (which was denied), he could not hold the widow in community or the heirs of Papalia liable for his debt, without having given them ten days' notice, in person; and that the notice to pay, in the executory proceedings, was a demand for payment in three days.

Seventh. That the succession of Papalia owed debts superior in rank to the claim of the plaintiff in the executory proceedings, particularly the expenses of last illness, funeral expenses, law charges, and the claim of the widow and children, respectively, as widow and minor children in necessitous circumstances.

The judge issued a rule upon the plaintiff in the executory proceedings to show cause why the writ of injunction should not issue. On trial, the rule was made absolute, and the writ of injunction issued on a bond of $500, which was promptly furnished.

The plaintiff in the executory proceedings

then filed a motion to dissolve the injunction, on the grounds, first, that the allegations of the petition, if true, did not set forth a cause or ground for the issuance of a writ of injunction, and, second, that the allegations of the petition were not true and were made by a party having no interest in urging them.

The motion to dissolve was tried, properly, on the face of the pleadings. The court came to the conclusion that Mrs. Papalia had not alleged a cause or ground for the issuance of the writ of injunction; that he had erred in granting the injunction; and he rendered judgment dissolving the writ. From that judgment, Mrs. Papalia, plaintiff in the injunction suit, prosecutes this appeal.

## Opinion.

[4] The appellant contends that the district judge was without authority to dissolve the writ of injunction on the face of the pleadings, having issued the writ after trial of a rule on the defendant in the injunction suit to show cause why it should not issue, especially as the motion to dissolve the injunction was filed after the delay for a new trial of the rule had expired. Of course, it would have been better to have refused the writ than to have issued it and then dissolved it on the face of the papers. But the district judge admits that he gave more careful consideration to the motion to dissolve the writ than he had given to the rule to show cause why it should not issue; and that he came to the conclusion that he had erred in issuing the writ on the face of the pleadings. Under those circumstances, it would be a very technical ruling to hold that the judge had no authority to dissolve the injunction, even though the petition did not disclose a legal cause for its issuance. A motion to dissolve a writ of injunction on the face of the pleadings is in the nature of an exception of no cause of action. In fact, such a motion is a plea that, even if the allegations of the pe-

tition are true, they do not set forth a cause for issuing a writ of injunction.

It is well settled that an exception of no cause of action is in order at any time before final judgment; and the same may be said of a motion to dissolve a writ of injunction on the face of the pleadings. Our opinion is that the district judge had authority to dissolve the writ of injunction, on defendant's motion, if the plaintiff was not entitled to an injunction on the face of the pleadings.

[5] The first and second grounds urged by the appellant for demanding an injunction, that is, that Papalia was insane when he gave the mortgage and also when the foreclosure proceedings were filed, do not set forth a valid defense to the foreclosure suit, because the appellant did not allege either that Papalia was notoriously insane or that the mortgagee had knowledge of the alleged insanity. A contract cannot be annulled on the ground that one of the contracting parties was insane, if the contract was made prior to the filing of a suit to interdict him, except on the allegation and proof either that he was notoriously insane or that the other party to the contract could not have been deceived as to the state of mind of the insane party. R. C. C. 402 and 1788 (3); Wolf v. Edwards, 106 La. 477, 31 South. 58; Heard v. Blanks, 125 La. 111, 51 South. 85. Although the service of the demand for payment and notice of seizure on Papalia personally, after a suit was filed to have him interdicted, was not a valid service, the subsequent appointment of an administrator pro tempore and service upon him would have corrected matters; and the foreclosure proceedings might have been continued contradictorily with the administrator pro tempore if Papalia had not died before the termination of the executory proceedings. Be that as it may, the death of Papalia while the foreclosure proceedings were pending, and the continuing of the proceedings contradic-

torily against the surviving widow in community and against the tutor ad hoc of the minor children, disposed of the question whether the administrator pro tempore had legal authority to represent Papalia in the foreclosure suit. On the question whether the widow in community and the tutor ad hoc of the minor children had legal authority to represent the succession of Papalia in the foreclosure proceedings, depends the fourth ground on which the appellant prayed for an injunction.

[6-8] The third, fifth and sixth grounds on which the appellant demanded a writ of injunction may be considered together. They are, in substance, that the widow and heirs of the deceased could not be held personally liable for his debt, without having accepted his succession unconditionally or without benefit of inventory. The answer is that the foreclosure of a mortgage by executory proceedings is not a personal action, or suit to hold the defendant personally liable for the debt, but is an action in rem. The widow in community and heirs of a deceased mortgagor are not entitled to 10 days' notice in person, as a prerequisite to the right of the mortgagee to proceed by executory process. The mortgagee's right to foreclose his mortgage by executory process, after the death of the mortgagor, does not depend upon whether the widow or heirs accept the succession unconditionally or under benefit of inventory.

The fourth ground on which the appellant demanded a writ of injunction is also without merit; that is, that there had not been appointed an administrator or other representative of the succession of the deceased mortgagor, on whom service of legal process in the foreclosure suit could be made. The appellant, as surviving widow in community, did not demand an administration of the estate of her deceased husband, and it does not appear that there was any necessity for appointing an administrator. There being no administrator or other succession representative appointed, it was proper for the plaintiff in the executory proceedings to have a tutor ad hoc appointed to represent the minor children and continue the proceedings against him and the surviving widow in community. See Randolph v. Widow and Heirs of Chapman, 21 La. Ann. 486, and many other decisions cited in Simpson v. Bulkley, 140 La. 589, 73 South. 691, L. R. A. 1917C, 494. It is well settled that a creditor whose claim is secured by an authentic act of mortgage, importing confession of judgment and containing the pact de non alienando, may resort to executory proceedings against the succession of the deceased mortgagor and have the mortgaged property seized and sold to satisfy the debt, without having to await the appointment of an administrator and suffer the delay and expense of an administration and final settlement of the succession of the deceased mortgagor. See Succession of Thompson, 42 La. Ann. 118, 7 South. 477; Succession of Loeper, 105 La. 772, 30 South. 131; Succession of Finegan, 135 La. 473, 65 South. 614; Succession of McCall, 140 La. 88, 72 South. 818.

The allegation that the succession of Papalia owed debts, including the claim of the widow and minor children in necessitous circumstances, superior in rank to that of the mortgagee, did not set forth a cause for preventing by injunction the seizure and sale of the mortgaged property by executory proceedings. The remedy of a creditor whose claim is superior in rank to that of the plaintiff in executory proceedings is to file a third opposition in the executory proceedings and demand payment in preference to the plaintiff. The appellant contends that, inasmuch as she put at issue her claim for $1,000 as widow in necessitous circumstances, the judgment appealed from should at least be amended so as to reserve her right to assert the claim by third opposition, otherwise the judg-

ment would dispose of her claim finally. The judgment appealed from could not, and does not purport to, dispose of the claim of the widow and minor children to be paid $1,000, in preference to the mortgagee, out of the succession of Papalia. All that was decided in that respect was that the demand of the widow and children to be paid $1,000 in preference to the mortgagee, even if well founded, was not a cause for issuing an injunction to prevent the sale of the mortgaged property in the foreclosure proceedings. The decree merely dissolved the writ of injunction.

The judgment appealed from is affirmed at the cost of the appellant.