On Motion to Dismiss Appeal.
O’NIELL, J.
The plaintiff has moved to dismiss the defendants appeal. The ground of the motion and the circumstances of the case are similar to, those in the case of Frank B. Twomey v. Pasquale Papalia (No. 21815) 142 La. 621, 77 South. 479, decided on the 6th instant. For the reasons assigned in that case, the motion to dismiss this appeal is denied.
O’NIELL, J.
The plaintiff is the holder and owner of certain promissory notes signed by Pasquale Papalia and secured by an authentic act of mortgage on two pieces of property and a vendor’s lien on one of them. The mortgagor died, leaving a widow in community and two minor children. The mortgaged property being community property, a half interest was inherited by the minor children and the other half belonged to the widow. The mortgagee instituted this executory proceeding against the widow and a special tutor. and curator ad hoc, who was appointed to represent the minor children. The widow arrested the sale by injunction, on all of the grounds stated in the case of Twomey v. Papalia, 142 La. 621, 77 South. 479, and on this further allegation, viz.:
“That, if said debt was justly due, the said Dreyfous, before whom the act of mortgage was passed, could not at the same time act as notary and lender and give to himself a mortgage; therefore the notarial act under which said Dreyfous claims is not an authentic act, or the authentic act required by law.”
On a rule issued at the instance of the plaintiff in the foreclosure suit (defendant in the injunction suit), the writ was dissolved, on the face of the pleadings. The widow Papalia, plaintiff in' the injunction suit, prosecutes this appeal.
We see no reason for' reviewing the questions decided in Twomey v. Papalia, and propounded again in this case. The learned counsel for appellant contends that our ruling, that the mortgagee could legally proceed against the widow and a special tutor and curator ad hoc appointed to represent the minor heirs of the deceased mortgagor, is contrary to the decision in Poultney’s Heirs v. Cecil’s Executor, 8 La. 321; but we have carefully read the decision cited again and find no conflict between the doctrine announced there and that maintained in Twomey v. Papalia.
[1, 2] The allegation that “the said Dreyfous, before whom the act of mortgage was passed, could not, at the same time, act as notary and lender and give to himself a mortgage,” does not set forth a cause for an injunction. The appellant did not allege that Dreyfous did act as notary and lender and give to himself a mortgage, but merely that he could not act in both capacities at one time. The record does not disclose that Mr. Dreyfous had a personal interest in the transaction when the notarial act was passed; and the fact that the negotiable promissory notes were secured by an act passed before him as notary public is no reason why he could not afterwards purchase the notes in good faith.
The judgment appealed from is affirmed, at appellant’s cost.