ST. PAUL, J.
 

 Plaintiffs are the heirs of one Joe Tooms and bring this suit to be recognized as owners of certain property of which defendants are in possession and of which they claim the ownership through mesne conveyances going back to a sheriff’s sale to one Hipp Marx, of date March 14, 1914, made in a certain proceeding entitled Hipp Marx v. Succ. of Joe Tooms.
 

 Their claim is that said sale was made under a writ of fieri facias issued against a succession upon an ordinary judgment against said succession, and is therefore null and void.
 

 The simple record facts, appearing on the face of the petition ánd documents annexed, undisputed -and indisputable, are these:
 

 Marx was the holder of a note executed by Tooms and secured by special mortgage -on the property here involved, containing a confession of judgment and the pact de non alienando.
 

 After the death of Tooms, and whilst his succession was still in the hands of an administratrix, Marx proceeded via executiva to sue out executory process against the mortgaged property, as he had a right to do. Code Prac. arts. 63, 66, 734; Randolph v. Widow and Heirs of Chapman, 21 La. Ann. 486; McCalop v. Fluker’s Heirs, 12 La. Ann. 551; Boguille v. Faille, 1 La. Ann. 205.
 

 Thereafter, before the property was sold, Marx discovered that there was some error in the description of the mortgaged property;
 
 *731
 
 and thereupon he filed a supplemental petition, citing the administratrix of the succession and praying that the error in the description of the mortgaged property be corrected, that his mortgage be recognized and made executory, and that the sheriff be ordered to seize and sell the mortgaged property and pay the mortgage debt out of the proceeds thereof.
 

 To this petition the administratrix filed no answer, and a judgment was taken by default. Which judgment was against the succession for the amount of the mortgage debt less credits, and, after correcting the description of the mortgaged property, concluded as follows:
 

 “That the plaintiff's special mortgage be and the same is hereby recognized and rendered executory in all its parts; that the Sheriff of the Parish of Ouachita be and he is hereby ordered to seize and take into his possession, keep and advertise, and sell said property according to law, and that out of the proceeds of said sale plaintiff’s indebtedness, principal, interest and costs, less all credits to which defendant is entitled, be paid in preference to all other parties; defendant to pay all costs of this suit.”
 

 Here then was an order of seizure and sale, as plainly written as it was possible to make it, and much more full and explicit than the usual perfunctory order, “Let executory process issue as prayed for.” And the fact that it issued after due citation instead of ex parte does not detract in any way from its force and validity. This order of seizure and sale was all that the sheriff needed to proceed against the mortgaged property for the collection of the mortgage debt; no further writ of any sort was necessary. For there is no such writ required by law, or even known to the law, as a “Writ of Seizure and Sale,” the order of the judge being all that is required in such cases.
 

 And the fact that Marx did obtain from the clerk and put in the hands of the sheriff a “Writ of Fieri Facias” did not diminish or negative the force of the order of seizure and sale issued by the court;, it was a mere idle and surplus act, which could not destroy the valid order of the judge. Utile per inutile non vitiatur. Succession of Keppel, 113 La. 246, 260, 36 So. 955.
 

 The trial judge was of opinion that the sale was informal and invalid, hut cured by the prescription of five years; and he gave judgment for defendants. The defendants urge, and we think properly, that the sale was regular and valid in all respects, and that their exception of no cause of action should have been sustained. They have asked that the judgment of the lower court be amended accordingly; and this will be done.
 

 Decree.
 

 For the reasons assigned, the judgment appealed from is amended by sustaining defendants’ exception of no cause of action; and, as thus amended, the judgment is affirmed.
 

 O’NIELL, C. X, concurs in the result.