274 So.2d 386 (1973)
Cecelia S. PONDER
v.
Mary Purser PECHON et al.
No. 52221.
Supreme Court of Louisiana.
February 19, 1973.
Rehearing Denied March 26, 1973.
*387 L. B. Ponder, Jr., J. Lynn Ponder, Amite, for plaintiff-applicant.
Pittman & Matheny, Tom H. Matheny, Hammond, for defendants-respondents.
Joseph H. Simpson, Amite, for amicus curiae.
SANDERS, Justice.
The plaintiff seeks to set aside, because of insanity, an employment contract and a judgment dismissing a previous suit to annul that contract. We granted certiorari, 260 La. 1193, 258 So.2d 549, to review the judgment of the Court of Appeal, holding that the action could not be maintained absent a showing that the plaintiff had been interdicted at the time suit was filed. 256 So.2d 802. We affirm.
The plaintiff executed the contract on June 28, 1962. The agreement, for legal services, transferred to the attorney-defendants a fractional interest in the community estate formerly existing between herself and her husband. Although the plaintiff discharged these attorneys, she later entered a second agreement with them, dated October 10, 1963, which reinstated the employment but reduced the fee from 25% of her community share to 20%.
Subsequently, the plaintiff filed suit to annul the agreement on the ground of error. She dismissed this action, however, filing a motion in proper person in which she alleged that "mover is now convinced that the contract and deed herein sued upon was not obtained by any undue influence, error or fraud and that she does moreover hereby confirm and ratify the said contract and deed, and desires that her original petition be dismissed with prejudice for the reasons set forth." The Court entered judgment dismissing the suit on March 16, 1964.
Although the plaintiff asserts that she was insane at the time she entered the agreements and that she remains so, she was not under interdiction either then or at the time this suit was filed.
Article 1788 of the Louisiana Civil Code, containing rules governing litigation challenging the mental capacity to contract, provides:
"The contract, entered into by a person of insane mind, is void as to him for the want of that consent, which none but persons in possession of their mental faculties can give. It is not the judgment of interdiction, therefore, that creates the incapacity; it is evidence only of its existence, but it is conclusive evidence, and from these principles result the following rules:
"1. That, after the interdiction, no other evidence than the interdiction itself is necessary to prove the incapacity of *388 the person, and to invalidate any contract he may have made after the day the petition for interdiction was presented, and that no evidence to show that the act was made during a lucid interval, or to contradict the judgment of interdiction, can be admitted.
"2. As to contracts, made prior to the application for the interdiction, they can only be invalidated by proving the incapacity to have existed at the time the contracts were made.
"3. But in order to prevent imposition, it is not enough to make the proof mentioned in the last rule; it must also, in that case, be shown that the person interdicted was known by those who generally saw and conversed with him, to be in a state of mental derangement, or that the person who contracted with him, from that or other circumstances, was acquainted with his incapacity.
"4. That, except in the case of death hereafter provided for, no suit can be brought, nor any exception made, to invalidate a contract on account of insanity, unless judgment of interdiction be pronounced before bringing the suit, or at least applied for before making the exception.

"5. That if the party die within thirty days after making the act or contract, the insanity may be shown by evidence, without having applied for the interdiction; but if more than that time elapse, the insanity can not be shown to invalidate the act or contract, unless the interdiction shall have been applied for, except in the case provided for in the following rule...." (Italics ours).
Paragraph 4 of the Article is explicit. A contract of a living party may be attacked in a direct action on the ground of insanity only after interdiction. Vance v. Ellerbe, 150 La. 388, 90 So. 735 (1922); Comment, Contractual Incapacity of the Insane in Louisiana, 22 Tul.L.Rev. 598, 602 (1948); 9 Tul.L.Rev. 120 (1935).
In the landmark case of Vance v. Ellerbe, supra, this Court held:
"From these provisions of the law, it is apparent that one who attacks the acts of a person of unsound mind, but not interdicted according to the forms provided by the Civil Code, bears the burden of proving his incapacity, and that it was either generally known, or that the person who contracted with him knew it. As a condition precedent to the bringing of such a suit, the person alleged to be insane must have been interdicted, unless he has died within 30 days after the contract was made; and, in order to make the defense of insanity, application for interdiction must at least have been filed, unless the act show upon its face evidence of insanity. In other words, if this were a direct action by the plaintiff to annul a conventional partition to which he had been a party, his petition would, under section 4 of article 1788, disclose no cause of action, unless he alleged that he had been formally interdicted; or, if he were sued upon some contract, he could not plead his incapacity without application for his interdiction having first been made."
Relying upon Article 1788 and citing Vance v. Ellerbe, the Court of Appeal dismissed plaintiff's suit. The plaintiff argues, however, that the court erred in failing to give proper consideration to two other decisions of this Court, Nalty v. Nalty, 222 La. 911, 64 So.2d 216 (1953) and Twomey v. Papalia, 142 La. 621, 77 So. 479 (1918), holding that prior interdiction is unnecessary.
We have reviewed these decisions and find them to be distinguishable. Neither is authority for a rule that prior interdiction is unnecessary in such cases. In Nalty v. Nalty, supra, plaintiff sued an interdict, through his curator, to recover a sum represented by checks given by him prior to his interdiction. This Court affirmed the lower court's denial of recovery, finding under Article 402 of the Louisiana Civil *389 Code that the check-giver was notoriously insane to the knowledge of plaintiff and that plaintiff accepted the checks in bad faith.
In Twomey v. Papalia, supra, the plaintiff brought executory proceedings on a mortgage given by defendant. At the time the executory proceedings were filed, a petition to interdict the defendant was pending. The defendant died and the proceeding was continued against the widow and a tutor ad hoc appointed to represent the children. The issue before the court was whether the widow was entitled to enjoin the executory proceeding. This Court held that she was not.
We hold, therefore, as did the Court of Appeal, that an action to annul a contract of a living party because of insanity cannot be maintained in the absence of interdiction prior to suit.
Our holding as to the contract makes it unnecessary to review the law applicable to the judgment of dismissal.
For the reasons assigned, the judgment of the Court of Appeal is affirmed at plaintiff's costs.
BARHAM, J., dissents.
PER CURIAM
In the application for rehearing, plaintiff complains that the Court failed to expressly dispose of alternative allegations of fraud and misrepresentation. These allegations were considered and found to be without merit.
The application for rehearing is denied.