## GRAYSON, Tutor *v.* MAYO.

A purchaser at a probate sale will not acquire the property free from mortgages created by the deceased, where there was an express stipulation, at the time of the sale, that the adjudication should not discharge the encumbrances.

Where one or more of several notes secured by mortgage have been extinguished by prescription, the mortgage itself will be extinguishd *pro tanto;* and the maker of the notes cannot, by subsequent acknowledgments of the debt, made after the sale of the mortgaged property to a third person, revive the mortgage so as to affect the property in the hands of the latter, without his express assent.

The only demand which interrupts prescription is that made by a citation.

Where the tutor of a minor receives and sues on notes taken at a probate sale for the price of property inherited by the latter, he cannot question the authority of the judge to receive such notes.

APPEAL from the District Court of Catahoula, *Farrar;* J. *Garrett,* for the plaintiff. *O. Mayo* and *McGuire,* for the appellant. The judgment of the court was pronounced by

KING, J. The plaintiff, in his capacity of tutor of *James P. Bowden,* is the holder of three promissory notes, secured by a special mortgage on a slave, adjudicated to *McLendon,* at the probate sale of the succession of the minor's ancestor. The notes matured respectively on the 25th days of March, 1839, 1840, and 1841. At the probate sale of *McLendon's* property, the slave subject to this mortgage was purchased by the defendant, *Mayo.* The existence of the encumbrance was announced by the auctioneer, and the slave sold subject to the mortgage in favor of the succession of *Bowden.* The object of the present action is to enforce this mortgage on the slave in question, in the hands of the defendant. The defendant denies the existence of the mortgage, which he contends was extinguished by the probate sale, and further pleads the prescription of five years. A judgment was rendered in the court below in favor of the plaintiff for one of the notes, and recognising the mortgage on the slave, from which the defendant has appealed. The plaintiff asks for an amendment of this judgment, and urges that the prescription in regard to the two notes which first matured was interrupted by the acknowledgments of the administrator of *McLendon,* of the existence of the debt.

GRAYSON
v.
MAYO.

The principle has been well settled, that the purchaser of property at a sale ordered by the Probate court, acquires it free from the mortgages created by the deceased. That such is the effect of probate sales when there has been no reservation made in regard to encumbrances cannot be questioned, after the repeated decisions in which the principle has been recognised. But the reasons on which those decisions are founded have no application to sales containing an express covenant that, the adjudication shall not operate a discharge of the encumbrances. No law prohibits such a stipulation; and the purchaser at a sale containing such a condition is bound by the contract. The *procès-verbal* of the parish judge in the present instance states that, "a mortgage was proclaimed to exist on the slave *Lot*, in favor of the succession of *Elizabeth Bowden*, deceased, for the sum of $1,060, and that said slave was sold subject to that mortgage." The stipulation that the mortgage should remain unimpaired by the adjudication, and follow the property in the hands of the purchaser, is positive and distinct. The defendant acquired the slave subject to the encumbrance, which may be enforced against him.

The acknowledgments of the administrator of *McLendon's* succession, that the debt evidenced by the notes sued on was still due, and that payment of it had frequently been demanded, were made after the sale to *Mayo*, and after two of the notes had been prescribed. The extinction of those notes carried with it the extinction, *pro tanto*, of the mortgage. Whatever may have been the effect of the administrator's recognition of the debt as far as regards the succession which he administered, it could not revive the mortgage upon property in the hands of the third possessor, without the express assent of the latter. *Larthet* v. *Hogan*, 1 An. Rep. 330. The amicable demands of payment upon the administrator, had not the effect of arresting the prescription. The only demand by which prescription is interrupted is citation.

The plaintiff contends that the parish judge was not authorised to take negotiable notes for the price of property adjudicated at the sale of *Bowden's* succession; that the words "or order", inserted in them, are surplusage; and that the only description of bonds which he was authorised by the terms of the sale to receive, were subject to a prescription of ten years only. The plaintiff having received the notes and made them the foundation of his action against the defendant, has affirmed the acts of the judge, and cannot now question the authority of the latter, nor change the character of his demand.

We consider the notes sued upon as negotiable instruments in their form and legal effect, and as such subject to the prescription of five years.

*Judgment affirmed.*