## No. 6186.

### O. K. HAWLEY, PUBLIC ADMINISTRATOR, VS. ABRAHAM HEYMAN ET AL.

Two questions are to be examined in this instance: . First—Is the decree of the parish court rendered on the twenty-eighth of November, 1868, ordering the sale of the plantation called Quantico, to be regarded as an order of seizure and sale, and, if so, was it legally issued? Second—If not a decree *via executiva*, is it valid as an order of sale rendered upon the application of creditors for the sale of property of the estate of Linton, who was the owner of the aforesaid plantation, to pay thereby debts in pursuance of articles 990 and 991 of the Code of Practice?

The prayer of the petition for the sale of the property is, "that the lands and improvements described in the act of mortgage be sold at public auction for cash, and the proceeds thereof be ratably divided among your petitioners." Then immediately follows the declaration "that the petitioners show the court that the deceased, Linton, never resided in your parish, that he died during the present year, and that his succession is vacant. Wherefore they pray the order of sale as allowed by law, for all other orders, and for general relief." The order rendered by the parish judge was responsive to the prayer of the petition.

It is impossible to regard these proceedings otherwise than as utterly null. The succession was wholly unrepresented; there was no curator or administrator appointed to administer it; no one contradictorily with whom the creditors could contest and enforce their claims. The petitioners, at the same time they prayed for a sale of property of the succession to pay their debts, ignored in substance and effect the jurisdiction of the tribunal whose authority they invoked to obtain the payment of their claims. No legal effect can result from proceedings so illegally conducted.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn, J. R. J. Bowman,* for plaintiff and appellee. *T. C. Manning, M. Ryan,* and *James G. White,* for defendants and appellants.

TALIAFERRO, J. The plaintiff seeks by this action to annul a judgment or decree of the parish court of the parish of Rapides, rendered on the twenty-eighth of November, 1868, at the instance of various creditors of Stephen Duncan Linton, deceased, who prayed a sale of the property of his succession to pay their claims against it. By this decree it was ordered that the plantation called Quantico, under mortgage to these creditors, be sold for cash upon the requisite advertisement being made. In conformity with this order, the property was sold on the second of December following, and adjudicated to the Louisiana State Bank at the price of sixteen thousand nine hundred dollars. On the third of February, 1869, the Louisiana State Bank sold this property to Charles Robertson and Abraham Heyman for thirty thousand dollars "paid and to be paid."

The grounds set forth by the plaintiff in the case before us for annulling the sale of the Quantico property are that the creditors, pretending to have a mortgage and judgment affecting that property sued out a pretended order of seizure and sale from the parish court of the parish of Rapides, a court without jurisdiction, *ratione materiæ,* of the amount claimed, which exceeded eighty thousand dollars; that in these proceedings the land was unrepresented; that no notice was given, as required by article 735 of the Code of Practice; that the Louisiana State Bank, knowing it had no title, conveyed only such title as it acquired by that sale to Robertson and Heyman, refusing to warrant a perfect title, but agreeing to return the purchase price in case of eviction, with eight per cent interest from date of judgment; that under this quit claim Heyman and Robertson are possessors in bad faith, and liable for rents and revenues from date of sale.

The Louisiana State Bank, the Bank of Louisiana, (by E. E. Norton and Ar. Miltenberger, assignees,) Anna DeBoigne, an absentee, represented by her curator T. C. Manning, Eli Bush, and Charles Robertson and Abraham Heyman, were all made parties defendants. Robertson called in warranty his vendor, the Louisiana State Bank, praying that he have such judgment over against the bank as may be rendered against defendants.

The plaintiff prays judgment annulling the sheriff's sale of the Quantico plantation under the alleged illegal order of the parish court; that all the said parties be cited; that plaintiff recover from Robertson and Heyman for rents and revenues, specifying the amounts claimed.

Heyman, one of the defendants, it seems during the litigation that followed went into bankruptcy. His assignee was cited, but made no appearance, and is not represented. The bank answered this call, disclaiming any right in Robertson to recover from it in case of eviction any thing more than the amount he actually paid the bank, with interest, etc.

The defendants filed a peremptory exception to the right of plaintiff, as public administrator, to represent the succession of Linton, as the office of public administrator had been abolished by law. This was overruled. The defendants filed their answer denying all the plaintiff's allegations, and denying that the parish court of Rapides has jurisdiction of the succession of Linton, who never had a domicile in that parish. It is further alleged that the object of this suit is not to protect but to injure its interests, the heirs, and creditors. It is also alleged that the heirs of Linton have accepted his succession with benefit of inventory, and that no others than they can complain of the judgment sought to be annulled, there being no other creditors concurrent with them in the first mortgage on the property. They pray a dismissal of the suit at plaintiff's costs, and for general relief.

The heirs of Linton intervened, joining the defendants in resisting the plaintiff's demand, and pray that they alone be allowed to represent the succession, averring the want of legal right in plaintiff to represent it.

The judgment of the lower court dismissed the intervention, annulled the sale by the sheriff of the Quantico plantation, decreed that property to belong to the succession of Stephen Duncan Linton, deceased, that the plaintiff's demand for rents and revenues be rejected, and, lastly, that Charles Robertson, who called his vendor in warranty, recover from the Louisiana State Bank the sum of seven thousand eight hundred dollars, with interest at eight per cent per annum from the final decision of this case, with costs of suit. All the defendants have appealed.

In this court the plaintiff asks an amendment to the judgment by giving him the value of the rents of the property, as prayed for in his petition. Various bills of exception are found in the record, none of which we consider it important to examine.

Two questions are to be considered:

First—Is the decree of the parish court rendered on the twenty-eighth of November, 1868, ordering the sale of the plantation called Quantico, to be regarded as an order of seizure and sale, and, if so, was it legally issued?

Second—If not a decree *via executiva*, is it valid as an order of sale rendered upon the application of creditors for the sale of property of the estate to pay debts, in pursuance of articles 990 and 991 of the Code of Practice ?

The prayer of the petition for a sale of the property is "that the lands and improvements described in the act of mortgage be sold at public auction, for cash, and the proceeds thereof be ratably divided among your petitioners." Then immediately followed the declaration that "the petitioners show the court that the deceased Linton never resided in your parish, that he died during the present year, and that his succession is vacant. Wherefore they pray the order of sale as allowed by law, for all other orders, and for general relief." The order rendered by the parish judge is responsive to the prayer of the petition.

We can not regard these proceedings otherwise than as utterly null. The succession was wholly unrepresented. There was no curator or administrator appointed to administer it. No one contradictorily with whom the creditors could contest and enforce their claims, the petitioners, at the same time they prayed for a sale of property of the succession to pay their debts ignoring in substance and effect the jurisdiction of the tribunal they invoked the authority of to obtain payment of their claims. No legal effect can result from proceedings so illegally conducted.

It is therefore ordered that the judgment appealed from be affirmed with costs.

Rehearing refused.