(92 South. 128)

No. 24854.

## WHITTINGTON v. PAYNE, Agent.

(May 15, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Constitutional law** ⊜⟳23—**Appeal in action for injuries granted after adoption of Constitution, but before taking effect, not within court's jurisdiction.**

Under Const. 1921, art. 7, § 10, depriving the Supreme Court of jurisdiction of suits for injuries or death, but providing that appeals properly granted prior to the adoption of the Constitution may be disposed of, the court has no jurisdiction of an appeal in such an action granted after the adoption of the Constitution, but before the time it became effective, under article 22, paragraph 13.

2. **Constitutional law** ⊜⟳191 — **Retrospective provision of Constitution as to jurisdiction of appeals not objectionable.**

Though to construe Const. 1921, art. 7, § 10, as excluding from the jurisdiction of the Supreme Court appeals in actions for injuries or death granted after the adoption of the Constitution, but before it took effect, gives it a retrospective effect, such provision is purely remedial, and subject to no constitutional objections in that respect.

Appeal from Sixteenth Judicial District Court, Parish of Evangeline; B. H. Pavy, Judge.

Action by Massie Whittington, widow of Henry Prather, against John Barton Payne, Agent of the President of the United States. From a judgment for defendant, plaintiff appeals. On motion to transfer to the Court of Appeal. Case transferred.

A. H. Garland, of Ville Platte, for appellant.

Barksdale & Barksdale, of Ruston, for appellee.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

OVERTON, J. Massie Whittington, in her own behalf, and as natural tutrix of her four minor children, instituted this suit to recover damages in the sum of $30,000 for herself and $40,000 for her children. The damages are alleged to be due for the accidental death of Henry Prather, husband of Massie Whittington, and father of the minors, while unloading a car, which had been negligently repaired, on the Chicago, Rock Island & Pacific Railroad, while that road was under federal administration.

From a judgment rejecting the demand of plaintiffs, they, on June 20, 1921, moved for and obtained an appeal to this court.

[1] On April 20, 1922, plaintiffs filed a

motion to have this appeal transferred to the Court of Appeal, First Circuit, sitting at Opelousas, on the following ground, to wit:

"That, since the appeal in this case was granted, and subsequent to the granting of the order making the appeal returnable to this court, which then, and under the Constitution of 1913, had jurisdiction of the matter, the Constitution of 1921 has become effective, and article 7, § 10, thereof has divested this court of jurisdiction in matters of this kind by conferring such jurisdiction upon the Courts of Appeal."

The motion must be allowed. Article 7, § 10, of the Constitution of 1921, subject to the exception hereinafter mentioned, excepts from the appellate jurisdiction of this court, without reference to the amount involved, all suits "for physical injuries to, or for the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances," and makes a similar exception as to all suits "for compensation under any state or Federal Workmen's Compensation law, or other employers' liability act." The same section, however, provides —which is the exception mentioned above— that appeals properly granted, returnable to this court, in the excepted cases, "prior to the adoption of this Constitution," shall be finally disposed of by it. The Constitution was adopted on June 18, 1921. By the thirteenth paragraph of article 22 it became effective on July 1, 1921, except as otherwise provided therein; and there is no contrary provision affecting the issue before us.

Under the Constitution of 1913, which was in force, in this respect, up to the time the Constitution of 1921 became effective, this court had appellate jurisdiction in the class of cases, above mentioned, whenever the amount involved exceeded $2,000 exclusive of interest, and still unquestionably retains that jurisdiction as to all such appeals properly granted prior to June 18, 1921.

[2] From the foregoing it will appear that the appeal herein was taken two days after the adoption of the Constitution of 1921, but prior to the time that it became effective. The question, therefore, is presented whether the appellate jurisdiction of this court is to be determined, in this and similar cases, by the date the Constitution was adopted, or by the date it became effective. In our view, the date that it was adopted determines that jurisdiction. The Constitution, almost in so many words, vests this court with appellate jurisdiction in such cases only when appeals were properly granted, returnable to it, prior to the adoption of that instrument, and not prior to the time it became effective. It is true that this interpretation gives to the Constitution a retrospective effect in that particular, but, as the provision in question is purely remedial, there can be no constitutional objections to it, in that respect. Cassard v. Tracy, 52 La. Ann. 835, 27 South. 368, 49 L. R. A. 272, and authorities cited therein.

Therefore, in our view, this court is without jurisdiction, but under section 29 of article 7 of the Constitution of 1921 the Court of Appeal has jurisdiction.

For the reasons assigned, it is ordered that this case be transferred to the Court of Appeal, First Circuit, sitting at Opelousas, La.