ROGERS, J.
 

 The suit is to annul a sheriff’s adjudication and deed of a certain plantation situated in the parish of Iberville, and to have the property decreed to belong to the succession of Edward J. Clifton. The facts are admitted, the controversy between the parties being confined solely to the law applicable to these facts.
 

 The record shows that the plantation in question belonged to the marital community existing between Edward J. Clifton and his wife, Mrs. Eliza Blanchard Clifton; that some time prior to his death Clifton executed a mortgage on the property to secure a community debt; that subsequent to his death, and after his succession had been opened by his surviving widow, praying for an inventory, the mortgaged property was sold under proceedings via executiva to the defendant Joseph A. Grace; that in these proceedings the service of all process was made upon the surviving widow in conformity with Act No. 57 of 1926.
 

 Plaintiff attacks the proceedings and sale on the ground that Act No. 57 of 1926 is unconstitutional so far as it provides for a proceeding via executiva contradictorily with a surviving widow in community; and. if constitutional, the statute cannot be given a retroactive effect. The court below maintained plaintiff’s plea of unconstitutionality of the legislative act, and, accordingly, annulled the sheriff’s adjudication and deed, reinstating the original mortgage in full force and effect. Defendants have appealed from the judgment.
 

 The pertinent provisions of Act No. 57 of 1926 are contained in section 1, which reads in part as follows:
 

 “That in all proceedings in which executory process ‘via executiva’ is resorted to to enforce the payment of a note or notes representing a debt of the community, and secured by mortgage importing a confession of judgment on community property, where either the husband or wife was dead at the time of the institution of such proceedings, it shall not be necessary
 
 to
 
 make the heirs of the deceased spouse parties to said proceedings, but it shall be lawful to make service of all process, citations, notices of demands, and all necessary services to be made in connection therewith upon the surviving spouse in community, and said proceedings shall be carried on against said surviving spouse alone.”
 

 
 *1045
 
 The facts of the case at bar bring it squarely within the provisions of the statute, so that if it is not unconstitutional as set up by plaintiff, the suit must be dismissed.
 

 The act of mortgage executed by the deceased imported a confession of judgment and authorized the mortgagee to resort to ex-ecutory process if the debt should not be paid at its maturity. Executory proceedings operate in rem and not in personam. In the case of community property mortgaged to secure a community debt, the Legislature, by enacting1 Act 57 of 1926, has provided a simple and practical method of foreclosing the mortgage in the event of the death of the mortgagor by designating the representative of the deceased mortgagor upon whom the demand for payment, notice of seizure, and other process may be served. Obviously, the proper person to be so designated in the case of community property mortgaged to secure a community debt is the surviving partner in such community, whether the survivor be the husband or the wife.
 

 In Richardson v. McDonald, 139 La. 651, 71 So. 934, a question analogous to the one at bar was presented for decision. That case involved Code Prac. art. 737, authorizing the appointment of an attorney to represent an absent mortgagor and to have the foreclosure proceedings in rem prosecuted contradictorily with him. The constitutionality of the codal article was assailed on the same ground set up by the plaintiff herein against the constitutionality of the legislative act of 1926. In the body of the opinion, at pages 656, 657, of 139 La. (71 So. 935), the court said:
 

 “One of the 'fundamental powers and purposes of government is to legislate upon titles to real estate, in the security of which the general welfare of society is involved. The Fourteenth Amendment of the Constitution of the United States only restrains the exercise of a legislative power so unreasonable, arbitrary, and unjust that it would, if exercised, destroy or impair a fundamental right. The law does not require that personal notice of its provisions be given to every individual whose rights are affected, and it does not, by charging every one with knowledge of its provisions, infringe upon their fundamental rights. [Citing numerous authorities.]
 

 “The power of the state to determine by what process an individual may be divested of his title to real estate is subject to his fundamental right to have notice and an opportunity to be heard. That right was not violated in this case. Article 737 of the Code of Practice, authorizing the court to appoint an attorney to represent an absent mortgagor and have the three days’ notice to pay served upon him and the foreclosure proceedings in rem prosecuted contradictorily against him, where the mortgagor has confessed judgment and expressly authorized such proceedings, is not so unjust or unreasonable as to destroy or impair a fundamental right.”
 

 The principles .thus announced by the court apply with equal force to the question raised by plaintiff of lack of due process of law under the second article of the state Constitution, which was also invoked in the cited case, as well as under the Fourteenth Amendment of the Federal Constitution.
 

 It is entirely within the power of the state to provide the method of procedure to be followed in the enforcement of a right purely in rem, subject to the right of the obligor to notice and an opportunity to be heard. The proceeding prescribed by Act No. 57 of 1926, taken in connection with the pertinent articles of the Code of Practice, is one strictly in rem. It certainly cannot be said that the surviving spouse and heirs of a deceased mortgage debtor, who stand in his shoes with respect to the debt, are deprived of any fundamental right because the lawmaker has seen fit, in the absence of the original debtor caused by death, to designate
 
 *1047
 
 the surviving spouse as his or her particular legal representative with whom the proceeding in rem may be prosecuted contradictorily.
 

 Nor does it alter the legal situation that the widow of the deceased mortgagor has renounced the marital community pending the executory proceedings. The efféct of her renunciation is merely to exonerate her from any personal liability for the community debts. It does not change her status as the surviving spouse of the mortgage debtor nor alter her character as his legal representative with whom the statute expressly authorizes the mortgage creditor to prosecute contradictorily the executory proceedings in rem.
 

 If this construction is not correct the statute represents a wholly useless piece of legislation. It was the settled jurisprudence pri- or to its adoption that a mortgage on real property might be foreclosed in executory proceedings against the surviving husband alone, without making the heirs of the deceased wife parties. The obvious purpose of Act No. 57 of 1926 was to make the' same rule applicable to those eases in which the wife might be the surviving spouse. This purpose cannot be made effective if the surviving wife is permitted to nullify the statutory provisions by the simple process of renouncing the decedent’s succession or the marital community. The right of proceeding according to the method set out in the legislative act is valuable to the mortgage creditor, mainly, in the event of the insolvency of the decedent’s succession or of the marital community. It is only such a succession or community that the heirs and widow renounce and that make a foreclosure proceeding necessary. . Where the succession or community is solvent, it is rarely that executory proceedings are resorted to, since the widow and heirs are generally able to arrange for the liquidation of the mortgage debt.
 

 The contention that, if constitutional, no retroactive effect can be given to the statute so as to bring within its provisions a mortgage contract entered into • prior to its enactment cannot prevail. The provisions of the legislative act are purely remedial in their nature, and, hence, are excepted from the general rule that statutes will always be construed as prospective in their operation unless their language plainly shows a contrary intention. Cassard v. Tracy, 52 La. Ann. 835, 27 So. 368, 49 L. R. A. 272; Whittington v. Payne, 151 La. 595, 92 So. 128.
 

 For the reasons assigned, the judgment appealed from is annulled, and plaintiff’s suit is dismissed, at his cost.