No. 784

First Circuit

W. F. CLOPTON & CO. v. ALFRED ET AL.

(June 16, 1931. Opinion and Decree.)
(October 7, 1931. Rehearing Refused.)
(November 3, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

Wm. Alex Robertson, of Opelousas, attorney for plaintiff, appellee.

O. E. Guillory and E. H. Guillory, of Ville Platte, attorneys for defendants, appellants.

MOUTON, J.  Rene Alfred executed a promissory note January 2, 1917, for $750, payable January 1, 1920; another for $1,-394.33 March 25, 1921, due December 1, 1921.  He gave a special mortgage with vendor's privilege by authentic act, with the pact of non-alienation on a fifty-acre tract of land to secure the payment of the first note, and a special mortgage with the non alienando pact on the same property to secure the second note.

At his death, Rene Alfred left Joacinne Tisoneau Alfred, a surviving widow, Eddie and David, two major heirs, the mortgaged property and a few movable effects.

As holder of the two notes, Clopton & Co., plaintiff, instituted this suit by ordinary proceedings to have the mortgaged property sold, and for payment by preference from the proceeds of sale.  The suit was filed September 18, 1930.  Later, September 25, 1930, on the application of Mrs. Rene Alfred, surviving widow, under the allegation that the estate of the deceased

was heavily in debt, the succession was opened, and the widow was subsequently appointed administratrix. October 15, 1930, the property of the estate, including the mortgaged tract of land, was ordered to be sold for cash to pay debts.

Plaintiff, Clopton & Co., intervened in the succession proceedings, claiming that the sale therein ordered was a collateral and invidious attack on its right as mortgagee to have the fifty-acre tract sold under its mortgages. The court granted an injunction to intervener prohibiting the succession sale.

In its original petition demanding a sale of the mortgaged property, plaintiff company alleged that it was subject to the two special mortgages and that the deceased, Rene Alfred, mortgagor, had waived prescription on the notes, and had renewed his obligation in writing on the notes, and which appears on the notes annexed to the petition with copies of the notarial acts of mortgage. In the petition plaintiff alleges its right to a vendor's lien and first mortgage on the land for its first note, and that it is also entitled to a second mortgage thereon on the property to secure the payment of the other note.

Mrs. Tisoneau Alfred, surviving spouse, David and Eddie Alfred, heirs of the deceased, filed a joint answer to plaintiff company's demand, first excepting that it had no right of action in the manner set forth in its petition. With proper reservation of their rights under the exception, defendants answered and therein admitted the allegations of articles I, II, III, IV, V and VI of plaintiff's petition.

In these articles, plaintiff company made the allegations of waiver of prescription, renewal of the notes, and the right to a vendor's lien and second mortgage on the property in question to secure the payment of the notes to which we have hereinabove referred.

In their answer, defendants pray for the maintenance of their exception, and, in the alternative, for the dismissal of the suit.

In the petition for its intervention in the succession proceedings, to which we have heretofore referred, plaintiff averred that defendants had admitted all its averments of facts made in the original petition for the sale of the property "but denying petitioner's right to enforce its claim in said foreclosure proceedings in the manner therein attempted." These allegations were admitted by Mrs. Tisoneau Alfred, administratrix, in answer to plaintiff's intervention.

The promissory notes upon which plaintiff is proceeding and the mortgages given to secure their payment were executed during the existence of the community by the deceased husband of the administratrix and the father of her co-defendants. The mortgages were given on community property and were binding on Mrs. Alfred, conjugal partner, and on the other defendants, heirs of the deceased. Under such notes and mortgages, which represent a community obligation, executory process can be obtained against the surviving spouse, either husband or wife. Act 57 of 1926, p. 70; Landry v. Grace, 167 La. 1042, 120 So. 770.

The surviving spouse was bound with deceased under the mortgages he had executed and the notes he had issued. So were Eddie and David Alfred, his heirs. They must all be considered as parties to the acts of mortgage and notes, and are barred from taking advantage of the defense of non-inscription. C. C. art. 3344.

Counsel for the widow and heirs say that his plea of prescription of five years filed

for the first time in this court is not directed to the non-inscription of the mortgages, but is grounded on the issue that the notes were prescribed when the waiver was made by the deceased; that they were extinguished or had ceased to exist, and that the mortgages, accessory obligations, had disappeared and were not revived by the renewal of the notes by deceased. Counsel refer to the Succession of Kugler, 23 La. Ann. 455.

In that case the court said the promise to pay after prescription had accrued created a new debt binding on the deceased and his succession, which, we hold, was the result of the renewal of the debt by deceased in the instant case. The court said, however, in that case, that this new debt thus created did not renew or create a mortgage, "at least as to third persons." In that decision the court refers to Larthet v. Hogan, 1 La. Ann. 330, and Grayson v. Mayo, 2 La. Ann. 927, in which also the right of third parties was involved.

Here the surviving widow and heirs are not third persons. They were legally parties to the acts, and, in answer to plaintiff's petition for the foreclosure of the mortgages, admitted that the mortgages were valid, and that plaintiff had a vendor's lien and second mortgage on the land to secure the payment of the notes. Such admissions constituted a waiver of prescription to the mortgages if it had accrued which was binding on defendants, as was the renunciation of prescription on the notes by deceased.

Plaintiff company, as we stated in the beginning of this opinion, asked for the enforcement of the mortgages by the ordinary action instead of resorting to executory proceedings.

The real issue presented was as to whether it could pursue that course for the seizure and sale of the property. When, as in this case, the mortgage acts are authentic and contain the pact de non alienando, the mortgage creditor may resort to executory proceedings against the deceased mortgagor for the sale of the property to satisfy the debt without having to await the expenses of an administration and the final settlement of the succession. Twomey v. Papalia, 142 La. 621, 77 So. 479. He is entitled to these proceedings against the surviving wife, as well as against the husband, and unquestionably, against the heirs. Landry v. Grace, 167 La. 1042, 120 So. 770.

This rule applies whether the widow or heirs accept the succession unconditionally or under the benefit of inventory. Twomey v. Papalia, 142 La. 621, 77 So. 479.

The contention of counsel for defendants is that the proceedings by plaintiff should have been via executiva and not via ordinaria.

The sole purpose of plaintiff, as appears by its pleadings, was for the foreclosure of its mortgages. When such is the object of the mortgage creditor, the court in Beck v. Natalia Oil Company, 143 La. 153, 78 So. 430, says: That the proceeding via ordinaria in reality is in rem, "to the same degree precisely as is a suit via executiva having the same object."

The foregoing is in line with the trend of our jurisprudence in recent years and must govern on this issue regardless of what may have been said in previous decisions on the subject.

The lower court therefore correctly perpetuated the injunction obtained by plaintiff prohibiting the administratrix and the auctioneer from selling the property seized in the foreclosure proceedings.