ODOM, Justice.
In May, 1933, plaintiff brought suit against his wife for divorce under the provisions of Act No. 31 of 1932 on the ground that they had been living separate and • apart for a period of four years or more. The wife filed answer, admitting that she and her husband had lived separate and apart continuously for more than four years. She alleged that neither their separation nor their living apart was due to any fault of hers and that, in case the court should grant her husband a divorce, she should be allowed permanent alimony in the sum of $100 per month, and she prayed accordingly.
On June , 18, 1934, there was judgment in favor of the plaintiff granting him a divorce and in favor of the wife for permanent alimony in the sum of $3-5 per month. The plaintiff appealed from that part of the judgment granting the wife alimony.
*920 In Blakely v. Magnon, 180 La. 464, 156 So. 466, decided July 2, 1934, we held that a wife made defendant in a suit for divorce on the ground that she and her husband had lived separate and apart continuously for a period of four years or more was not entitled to permanent alimony where the husband obtained the divorce. It follows that the judgment in this case, which was rendered on June 18, 1934, awarding alimony to the wife, was erroneous.
But counsel for the wife, appellee, argue that the judgment should be affirmed, first, because the ruling in Blakely v. Magnon was erroneous and should be overruled,' and, second, if the court should adhere to the ruling in that case, then appellee is entitled to alimony under Act No. 27 of the Second Extra Session of 1934, amending article 160 of the Civil Code.
We have given further consideration to the issues involved in the Blakely Case, supra, which followed the case of North v. North, 164 La. 293, 113 So. 852, decided July 11, 1927, and find no reason why it should be overruled. It is therefore reaffirmed.
Act No. 27 of the Second Ex. Sess. of 1934 was adopted on November 21 of that year and took effect twenty days later, which was several months after the judgment was rendered in this ease, but pending the appeal. That act amended and re-enacted article 160 of the Civil Code, as amended by Act No. 21 of 1928, so as to provide “that in cases where,- under the laws of this State a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the Court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income.”
This act having been adopted subsequent to-the date on which the judgment in this case was rendered affords appellee no relief unless it be retroactive. Counsel for the appellee argue that it is. We do not think so.
No citation of authority aside from article 8 of the Civil Code need be given to support the general rule that laws, whether constitutional or statutory, should be construed to operate prospectively only, unless the-words employed show a clear intention that they should have a retroactive effect. The language of Act No. 27, Second Ex. Sess. of 1934, does not indicate, much less show, a clear intention that it should act retrospectively.
But counsel argue that this is a remedial statute, and it is true as they say that acts which are purely remedial in their nature are not subject to the above rule of interpretation unless their language plainly shows a contrary intention. Landry v. Grace, 167 La. 1042, 120 So. 770; Whittington v. Payne, 151 La. 595, 92 So. 128; Cassard v. Tracy, 52 La. Ann. 835, 27 So. 368, 49 L. R. A. 272; Dunning v. West, 51 La. Ann. 618, 25 So. 300.
Counsel err, however, when they say that Act No. 27 of the Second Ex. Sess. of 1934 is a remedial statute. Under the law as it stood at the time that act was adopted, a wife against whom a divorce was granted *922 solely on the ground that she and her husband had lived separate and apart for a period of four years or more, had no right to alimony and therefore no cause of action to recover it. We so held in the Blakely Case, supra. The act of 1934 was no doubt passed to meet the ruling in that ease and to give a defendant wife a right which the court had held she did not have theretofore.
Prior to the adoption of the 1934 statute, the wife was entitled to alimony where the divorce was granted on the ground of four years’ separation in case she obtained the judgment against her husband, and counsel argue that inasmuch as the old law gave her the right to claim ánd obtain alimony, the law of 1934 merely conferred upon her a remedy for obtaining that to which she was already entitled. But they overlook the fact that under the ruling in the Blakely Case, she had no right to alimony and no cause of action to obtain it unless she herself obtained the judgment and not when the judgment was against her.
A remedial statute is one which confers a remedy and a remedy “is the means employed to enforce a right or redress an injury.” Bouv. Law Diet See Remedy in Words and Phrases, First, Second, Third and Fourth Series, and “Remedial Statute,” Words and Phrases, First, Second, Third and Fourth Series.
The act of 1934 referred to conferred a right, not a remedy. There is therefore no merit in counsel’s argument that inasmuch as the judgment rendered by the district court on June 18, 1934, was not final when the act of 1934 was adopted, but which was adopted pending this appeal, this court can now give to the wife the benefit of a right which she now has but which she did not have when the judgment was rendered. The rights of the parties were fixed as of that date. This appeal brings up the question whether appellee was entitled to alimony ,at the time that judgment was rendered and not the question whether a wife against whom a judgment of divorce is rendered on the ground, of four years’ separation is entitled to alimony at the present time. We are called upon to say whether the judgment appealed from is correct or incorrect. The only part of the judgment appealed from is that portion which allows the defendant wife alimony. We must either affirm or reverse the judgment in that respect.
The case of Stallings v. Stallings, 177 La. 488, 148 So. 687, 689, cited by counsel for appellee in support of their contentions, has no application here. In that case Mrs. Stallings obtained á judgment of separation from bed and board from her husband on December 14, 1931. At that time the party against whom a judgment of separation from bed and board was obtained could, by waiting two years, obtain a final divorce under the provisions of Act No. 25 of 1898. The act of 1898 was amended by Act No. 56 of 1932 so as to provide that the unsuccessful litigant in the separation suit might apply for an absolute divorce after the expiration of one year and sixty days from the date on which the judgment of separation became final. The husband, taking advantage of the amended act, applied for final divorce in one year and sixty-four days from the date on which the judgment of separation was granted. The wife excepted to her husband’s application for divorce on the ground that Act No. 56 of 1932, *924 which shortened the period, did not apply. But the court held that Act No. 56 of 1932 did not create a new cause for divorce, but merely shortened the time in which the unsuccessful litigant might apply for and obtain a divorce. The court said: “The change is clearly remedial or procedural in its character. In the absence of an express declaration or necessary implication to the contrary, it would attach equally to past as well as to future acts.”
Counsel also cite the case of Hurry v. Hurry, 141 La. 954, 76 So. 160, 161. That ease involved an interpretation of Act No. 269 of 1916, which provided: “That when married persons have been living separate and apart for a period of seven years or more, either party to the marriage contract may sue * * * for an absolute divorce."
The question involved in that case was whether the act applied to cases where the parties had lived separate and apart for seven years prior to the date of the adoption of the act. The court held that the act did apply to such cases because the language of the act made it clear that the Legislature so intended. The court laid stress upon the following language of the act: “That when married persons have been living separate and apart for a period of seven years or more.” The court held that the act created an additional ground for divorce, which ground was continuous living apart for seven years or more, and that if the Legislature had intended that in order for either spouse to obtain a divorce on that ground in case they should live separate and apart for seven years or more subsequent to the adoption of the act, it would have said so in unmistakable language.
For the reasons assigned, that part of the judgment granting to the wife alimony is reversed and set aside, and her demands for same are dismissed.
O’NIELL, C. J., dissents on the ground that Mrs. Reinecke is entitled to the benefit of Act No. 27 of the Second Extra Session of 1934.