There is tendered in this case the right of plaintiff to a deficiency judgment against the defendant. The court denied such right by sustaining exceptions of no cause and no right of action, and dismissed the suit. Plaintiff appealed.
The facts of the case as disclosed by the petition and attached documents, are these: *Page 831 
Plaintiff, doing business as Independent Finance Company, for value, took from the defendant his promissory note for $371.00 and to secure the same, on April 24, 1948, defendant executed to plaintiff a mortgage on a used automobile. Four days thereafter, to-wit April 28th, defendant surrendered possession of the car to plaintiff at which time he executed a document of which the following is a copy:
"Winnfield, La., April 28th, 1948
"Having defaulted in the terms of the chattel mortgage on my 1937 Ford Sedan, motor number 54334894, serial number __________, and wishing to liquidate my account, I voluntarily surrender possession of said automobile and consent to its sale and the application of the net proceeds upon my indebtednessin accordance with the provisions of the chattel mortgage."
Following this transaction, plaintiff did repairs on the car, the cost of which was $132.76, and thereafter, by private sale, sold the same for $250.00 cash. This suit is for the mortgage note of $371.00, plus the repair bill, less the $250.00, or $253.76, plus interest and attorney's fee.
A decision of the case hinges upon the real meaning and effect of the quoted surrender agreement when considered in conjunction with Act No. 28 of 1934, which reads as follows:
"Be it enacted by the Legislature of Louisiana, That in any case where any mortgage or other creditor takes advantage of the waiver of appraisement of the debtor and provokes a judicial sale, without the benefit of appraisement, of the encumbered property, whether the same be real or personal, or of both characters; and the proceeds of such sale are insufficient to satisfy the debt for which said property is sold, said debt shall nevertheless stand fully satisfied and discharged, and such mortgage or other creditor shall not thereafter have the right to proceed against the debtor or any other of his property for such deficiency, in no manner whatsoever.
"That this Act declares a public policy and the provisions thereof can not, and shall not be waived by a debtor, but it shall only apply to mortgages, contracts, debts or other obligations made, or arising, after this Act becomes effective."
Defendant expressly invokes the provisions of this act as a basis of his exceptions.
While the surrender agreement (on a printed form) declares that the mortgagor has defaulted on his obligations as fixed in the chattel mortgage, this is not strictly true. No part of the note was then due. In brief, appellant's counsel states that the car had failed to give the sort of service expected of it and for this reason defendant desired to surrender the same.
The surrender agreement is free of ambiguity. It simply says that the possession of the car was voluntarily surrendered; that defendant consented to its sale "in accordance with the provisions of the chattel mortgage" and that the net proceeds of the sale be credited upon the mortgage note. By this agreement defendant did not divest himself of title to the car, nor did he authorize repairs thereto, as were done, nor did he consent to its sale except as provided by the terms of the mortgage itself. The act of mortgage is not in the record but both sides agree that it contains the usual and customary waiver of appraisement in the event the car should be sold through foreclosure proceedings. And, to sell the car in accordance with the terms of this mortgage meant without appraisement and at public auction at the end of foreclosure proceedings. It is contended by appellee that since plaintiff sold the car in the manner stated, the 1934 act is applicable; that plaintiff is seeking to accomplish indirectly that which he is legally inhibited by the act from doing directly.
The case of Home Finance Service v. Walmsley, 176 So. 415, decided by the Orleans Court of Appeal, and Southland Investment Company, Inc., v. Lofton, 194 So. 125, decided by this court, sustain defendant's position herein.
Section 2 of the 1934 act, in effect, declares that the act establishes a rule of public policy and that a mortgagor may not waive the benefits designed to be conferred upon him thereby; and, by the same token a mortgagee should not be permitted to profit from his own wilful efforts at circumvention thereof. Of course, this act was not *Page 832 
designed to affect the freedom of a mortgagor and a mortgagee, with respect to the surrender of the mortgaged chattel to the latter in satisfaction, in whole or part, of the mortgage indebtedness, as they shall in good faith agree. In that case the title to the property would pass unconditionally to the mortgagee who would be free to sell the chattel for such price as he desired without the duty of accounting to the mortgagor therefor. But this is not the case before us.
In the Walmsley case, supra, the mortgagor executed a lengthy collateral agreement at the time he signed the mortgage on his car, and in keeping with its terms, after defaulting in payments, surrendered the car to the mortgagee who in the collateral agreement was authorized to sell it for such price as it could obtain and to credit the net proceeds on the mortgagor's note. This was done. The suit was instituted to recover judgment for the balance due on the mortgage note. In this case the 1934 act received first judicial consideration, and in the course of the court's discussion thereof, it is said [176 So. 417]: "While the statute under consideration refers particularly to judicial sales without appraisement, we are of the opinion that the statement of the public policy therein is sufficiently broad to disclose that it was the intention of the lawmakers to place a stamp of disapproval on any practice whereby encumbered property is sold without judicial appraisement, and to sanction the type of agreement, such as the one before us, would be to allow the employment of a device calculated to defeat the underlying purposes which prompted the passage of the law."
In the Lofton case, supra, the collateral agreement signed by the mortgagor is identical in language with that involved in the present case. The opinion of the court does not clearly disclose if this agreement was signed the day the mortgage was executed or thereafter, but the date of the agreement was not of controlling influence. The mortgagee sold the car at private sale and perforce without any appraisement thereof. He credited the net proceeds on the mortgage note. Lofton was sued for the balance due on the note. Exceptions of no cause and no right of action were sustained by the District Court and the ruling was affirmed here. The Walmsley case was followed.
These two decisions hold that the 1934 act has application to a private sale of the mortgaged property by the mortgagee, which, of course, is always effected without the benefit of appraisement; and these holdings are based upon the public policy rule declared in the act. They fix a rule that when it appears that the surrender of possession of the mortgaged chattel, with authority given the mortgagee to sell same, as was done in the case at bar, such action, presumably is but a step in the effort to circumvent the law. This, of course, should and will be thwarted by the courts. If this should not be done the beneficent provisions of the 1934 act would virtually be rendered ineffective and the law would be as it was prior to the passage of the 1934 act. The cited decisions announce a sane and reasonable construction of the pertinent law, and no good reason has been assigned why they should not be followed in the instant case, and they will be.
For the reasons herein assigned, the judgment from which appealed is affirmed with costs. *Page 916