142 So.2d 605 (1962)
MACK TRUCKS, INC.
v.
O. R. DIXON and James F. Toups, d/b/a T & D Contracting Company.
No. 622.
Court of Appeal of Louisiana, Fourth Circuit.
June 4, 1962.
Rehearing Denied July 2, 1962.
*606 Reed, Reed & Reed, Floyd J. Reed and John A. Salvaggio, New Orleans, for plaintiff and appellant.
Nathan Greenberg, Gretna, and Gilbert P. Cohen, Gretna, for defendants and appellees.
Before McBRIDE, SAMUEL and JOHNSON, JJ.
McBRIDE, Judge.
This is one of seven cases involving the same parties and same issues; the cases were consolidated for trial in the lower court and the appeals therein were consolidated for argument in this court.
The plaintiff, being the holder of a promissory note, allegedly executed "by O. R. Dixon on behalf of himself and his partner, James F. Toups, a partnership d/b/a T & D Contracting Company" and secured by chattel mortgage on two automotive trucks, caused the said chattels to be sold under executory process (with appraisement) on June 11, 1960. At the sale, which was conducted by the Sheriff of the Parish of Iberville, the trucks were adjudicated to *607 the plaintiff for the sum of $601. Plaintiff alleges that after allowing the defendants credit on their note for the price of adjudication, $601, there remains due on the indebtedness a balance of $7,029.80, with interest and attorney's fees, for which, by this suit, plaintiff seeks a judgment against the defendants.
It is conceded the order for the seizure and sale was issued by a court in a parish in which neither the property was situated nor where defendants were domiciled. The facts are that the two trucks were located in the Parish of Iberville (in three of the consolidated cases the trucks were located in the Parish of Jefferson and were seized and sold by the Sheriff of that parish); the defendants were domiciled in the Parish of Jefferson; and the foreclosure suit was filed in and the order of seizure and sale was issued by the Civil District Court for the Parish of Orleans.
Defendants filed exceptions to this suit for a deficiency judgment, the first of which is that the Civil District Court for the Parish of Orleans had no jurisdiction to issue the order of seizure and sale; the second exception, plead in the alternative, is that the Twenty-fourth Judicial District Court for the Parish of Jefferson lacks jurisdiction ratione materiae; the third exception, also plead in the alternative, is that of vagueness; also plead in the alternative is a fourth exception, that of no cause or right of action. Defendants also filed in this court the exception of no cause or right of action.
After the setting down of the exceptions for trial and a hearing thereon, the trial judge maintained the exception to the jurisdiction of the court ratione materiae and also the exception of no cause or right of action. The suit was dismissed and plaintiff has taken this appeal.
The defendants in support of their exception of no cause of action contend that the seizure and sale of defendants' property by the Sheriff of the Parish of Iberville under an illegal order issued by the Civil District Court for the Parish of Orleans was null, void and of no effect and that the plaintiff, by virtue of said illegal order and sale thereunder, came into illegal and unwarranted possession of defendants' property and, therefore, there is no deficiency amount due on their note.
Executory process is a proceeding looking to the seizure and sale of property mortgaged by an authentic act containing a confession of judgment for the amount secured by the mortgage. C.P. arts. 732-753. The seizure and sale issues on a simple petition without any previous citation to the debtor. C.P. art. 734. However, at least three days' notice of this order of seizure must be given to the debtor. C.P. arts. 735, 736. Technically executory process is not a proceeding in rem, although it seeks immediate foreclosure of property mortgaged without asserting any demand for the personal liability of the debtor over and above the value of the property. LeBlanc v. Rock, La.App., 84 So.2d 629. In other words, executory proceedings operate in rem but not in personam. Landry v. Grace, 167 La. 1042, 120 So. 770.
Under C.P. arts. 162, 163, 736 and Roman v. Denney, 17 La.Ann. 126; Reugger v. DeBrueys, 146 La. 283, 83 So. 556; Miles Planting & Mfg. Co. v. Ware, 142 La. 1026, 78 So. 104, an executory proceeding to enforce a mortgage or privilege may be brought at the option of the plaintiff either in the parish where the property is situated or in the parish of the domicile of the debtor.
We know of no authority which would invest a court in a parish other than the parish in which the property is located or in the parish of a defendant's domicile with power to entertain a suit for executory proceedings on a mortgage or to issue an order of seizure and sale therein.
*608 The term "competency," in matters of jurisdiction, is the right given to a judge to take cognizance of certain causes against certain persons within his jurisdiction. C. P. art. 86. In order to ascertain whether a judge be competent or not, three points must be taken into consideration: the object or the amount in dispute, the person of the defendant, and the place where the action is to be brought. C.P. art. 87. A determination of his competency as relates to the place where the action is brought must be governed by the rule which provides that a judge shall not exercise any jurisdiction beyond the limits of the territory assigned to him.
In the matter of the executory proceedings against the property of the defendants, the Civil District Court for the Parish of Orleans was not competent and had not the authority to issue the order of seizure and sale of property in another parish in which defendants were not domiciled. The proceedings taken in the suit and whatever steps were taken by the Sheriff of the Parish of Iberville to execute the order of seizure and sale (including the appraisement of the trucks) were radical nullities and they could not adversely affect any rights of the defendants.
It is a well-established principle of law that a judgment rendered by a court without jurisdiction is an absolute nullity and may be attacked, even collaterally, at any time, and the defendant may plead as a defense in any court the absolute nullity of any such judgment sought to be executed against him. Tracy v. Dufrene, 240 La. 232, 121 So.2d 843; Key v. Salley, 218 La. 922, 51 So.2d 390. While we are not dealing with a judgment in the instant suit, we think that the rules which apply with reference to the defendants' right to collaterally attack a judgment which is absolutely null should apply with equal force in the matter of a defendant's right to collaterally attack an illegal order of seizure and sale under which his property is seized and sold.
In Hawley v. Heyman, 28 La.Ann. 347, an order of seizure and sale which was issued at the instance of various creditors of the deceased who prayed a sale of the property of his succession to pay their claims against it was annulled on the ground that the parish court which issued the order of seizure and sale had no jurisdiction, and the Court said: "No legal effect can result from proceedings so illegally conducted."
The contention is made that the defendants cannot attack the validity of the execution sale in view of the fact they were served with a notice of seizure and also a notice of appraisement but took no appeal from the order of seizure or sale or sought to enjoin the sale, citing Mack Motor Truck Corporation v. Coco, 235 La. 1077, 106 So.2d 518. It does not appear from plaintiff's petition or from the documents annexed thereto whether notices of seizure and appraisement were ever served on defendants, but that circumstance is immaterial.
The case cited by plaintiff is inapposite. It was not incumbent on the defendants to do anything in the matter of the seizure or sale. Merely because they remained silent and took no affirmative steps to contest the illegal proceedings was not a waiver of any right and does not estop them from now asserting the absolute nullity of the sale. See Franek v. Turner, 164 La. 532, 114 So. 148.
In LeBlanc v. Rock, supra, the Court of Appeal, First Circuit, held that the mortgagors' failure to contest the seizure and sale of equipment by executory process did not prevent their assertion of defenses on the merits in a subsequent suit by the mortgagee for a moneyed deficiency judgment.
In Myrtle Grove Packing Company v. Mones, 226 La. 287, 76 So.2d 305, the Supreme Court said:
"Executory process, under which a creditor is permitted, without citation *609 or the usual legal delays, to seize the property of the debtor in satisfaction of a claim, is a harsh remedy specifically sanctioned by the Constitution, Section 44 of Article VII, * * *. Consequently, there must be strict compliance with the letter of the law governing this severe remedy. Courtney v. Andrews, 10 Rob. 180; Cumming v. Archinard, 1 La.Ann. 279; Robb v. Potts, 2 La.Ann. 552; Pele v. Meaux, 17 La.Ann. 58; Ricks v. Bernstein, 19 La.Ann. 141; Calhoun v. Mechanics' & Traders' Bank, 30 La.Ann. 772; Bank of Leesville v. Wingate, 123 La. 386, 48 So. 1005; and General Contract Purchase Corp. v. Doyle, La.App., 56 So.2d 432. * * *"
We do not know on what premise the trial judge maintained the exception to the jurisdiction ratione materiae of the Twenty-fourth Judicial District Court for the Parish of Jefferson, but he erred in doing so. However, he was correct in maintaining the exception of no right or cause of action and dismissing the suit. Where a seizure and sale of the property mortgaged to secure the debt is provoked in a court without jurisdiction by the mortgagee who acquires the property thereat, he has no right to a deficiency judgment against the mortgagor. The public policy of the State is that deficiency judgments are prohibited where the mortgaged property is sold without the benefit of a legal and lawful appraisement. LSA-R.S. 13:4106; Soileau v. Pitre, La.App., 79 So.2d 628; Futch v. Gregory, La.App., 40 So.2d 830.
The judgment appealed from is annulled by striking therefrom and setting aside that portion thereof which maintained the exception to the lower court's jurisdiction ratione materiae, and as thus amended, and in all other respects, the judgment is affirmed.
Plaintiff is to pay the costs of this appeal.
Reversed in part; affirmed in part.