GULOTTA, Judge.
The origin of this appeal is a suit on open account brought by plaintiff, Ory J. Hooter d/b/a O. J. Hooter Furniture Company, against defendant, Richard Wilson, for payment due on merchandise purchased from plaintiff. Judgment in the amount of $305.77 was rendered on March 6, 1968, in First City Court for the City of New Orleans in favor of plaintiff and against defendant, an employee of the City of New Orleans. A writ of fieri facias coupled with a garnishment proceeding was issued against the City. A judgment dated October 16, 1968, ordered the City to pay plaintiff 20 percent of defendant’s wages, provided “said payments, however, shall never encroach upon the amount exempt by law, namely the sum of ONE HUNDRED DOLLARS per month”, after any and all prior garnishments were fully paid.
This was pursuant to the then existing LSA-R.S. 13:3881 as amended in 1960 which provided in part:
“The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
“(1) Eighty per cent of the wages, salary, commissions, or other compensation earned by him, but in no case shall this exemption be less than one hundred dollars monthly; * * *” (emphasis ours).
The garnishee, City, paid plaintiff from defendant’s wages from June through September, 1970. In October, the garnishee, City, discontinued withholding 20 percent of the wages of defendant urging as a reason the passage of Act 242 of 1970[1] adopted by the Louisiana Legislature on July 2, 1970, and the Federal Garnishment Law, 15 U.S.C. Section 1671 et seq.
The City took the position that the new Act 242 of 1970 which sets the amount exempt from garnishment at $70.00 per week supersedes the former Act and should be applied to existent garnishments regardless of whether the principal obligation was adjudicated and became final prior to the passage of the Act. At this time defendant’s earnings were approximately $285.00 per month payable biweekly.
A motion to revive the garnishment was brought by plaintiff, and the court in January, 1971, issued a judgment ordering the City to deduct and pay to plaintiff 20 percent of defendant’s wages until the original judgment was finally paid pursuant to the former garnishment statute, i. e., LSA-R. S. 13:3881, as amended 1960.
The appeal presently before us is from the January, 1971, judgment wherein the trial court refused to apply the provision of Act 242 of 1970 to a garnishment judgment rendered prior to that Act.
The question posed for our consideration is whether a legislative act increasing the amount of the exempt part of the salary not subject to garnishment can be retroactively applied to a judgment of garnish *810 ment which fixed the exempt portion of the debtor’s wages.
Plaintiff, in seeking affirmation of the judgment of the trial court, relies on the argument that Act 242 of 1970 is unconstitutional because it impairs the obligation of contracts and is thereby violative of Art. 4, Section 15 of the Louisiana Constitution and Art. 1, Section 10 of the United States Constitution. This argument has no validity for the reason that the right of seizure under the garnishment provisions is not acquired through contract as in a vendor’s lien and mortgage. A garnishment comes into existence not by contract but by operation of law by the issuance of a writ of seizure or fieri facias after a judgment has been obtained. Featherston’h v. Compton, 3 La.Ann. 380 (1848); O.K. Realty Co. v. Juliani, 1 La. App. 1 (1924), cert, and mandamus denied, 157 La. 277, 102 So. 399. The question here is not one of impairment of contract.
Plaintiff’s position can only be maintained if it is determined that his rights are impaired because of an infringement on a vested right. Therefore, we must decide whether plaintiff had a vested right to seize defendant’s salary prior to the passage of Act 242 of 1970 and whether retrospective application of the Act would adversely affect this substantive right. If the answers to these questions are in the affirmative, then plaintiff’s vested right to seize under the judgment of garnishment would be adversely affected and the Act cannot be retroactively or retrospectively applied.
 Though garnishment as such in its overall application is a method of execution and to that extent is remedial in nature, nevertheless a statute which deprives the judgment creditor of the right to seize a portion of the debtor’s salary by reason of a change in the amount of the exemption, as in this particular case, is a deprivation of a vested right. It deprives the plaintiff of his right to seize any of defendant’s salary which was heretofore permitted under the prior exemption.
It is important in this case that plaintiff had seized under a prior garnishment before the passage of the Act, and subsequent thereto plaintiff is deprived of his right to pursue garnishment proceedings because the additional exemption is in such an amount that defendant’s entire salary is exempt.[2]
In the instant case, the judgment obtained by plaintiff was a money judgment; a money judgment is a vested right and not subject to change. Hausser v. Hausser, 181 So. 657 (Orl.La.App.1938). Wright v. Wright, 189 La. 539, 179 So. 866 (1938). Black’s Law Dictionary, 4th Edition, (1957) defines “vested rights” in part:
“VESTED RIGHTS. In constitutional law. Rights which have so completely and definitely accrued to or settled in a person that they are not subject to be defeated or canceled by the act of any other private person, and which it is right and equitable that the government should recognize and protect, as being lawful in themselves, and settled according to the then current rules of law, and of which the individual could not be deprived arbitrarily without injustice, or of which he could not justly be deprived otherwise than by the established methods of procedure and for the public welfare. Cassard v. Tracy, 52 La.Ann. 835, 27 So. 368, 49 L.R.A. 272; Stimson Land Co. v. Rawson, C.C.Wash., 62 F. 429 [426]; Parker v. Schrimsher, Tex. Civ.App., 172 S.W. 165, 168.”
In order that a judgment or decree may be given the effect of a “vested right”, it must be a final determination of the rights of the parties. State ex rel. Weingart v. Kiessenbeck, 167 Or. 25, 114 P.2d 147, 149, 150 (1941); Kelly v. Hall, 191 Ga. 470, 12 *811 S.E.2d 881, 883. Since a judgment is personal property which gives rise to vested rights, the legislature cannot by retroactive law, either destroy or diminish it in value. State ex rel. Weingart v. Kiessenbeck, supra.
We are of the opinion that if the amended statute were applied retroactively, it would destroy plaintiff’s vested right which accrued immediately upon the rendition of the judgment of garnishment pursuant to LSA-R.S. 13:3921.[3] Once that judgment was rendered, it became final and thus, under the provisions of R.S. 13:3923[4], payments to plaintiff were henceforth to be made out of the non-exempt portion of defendant’s salary until the indebtedness was paid. The judgment therefore gave plaintiff a “vested right” in the then existent portion of defendant’s salary which was subject to seizure. Clearly, an amendment subsequent to that judgment, which changed the amount of exemption, should not be retrospectively applied because it would deprive plaintiff of his vested right in that amount which existed by effect of the judgment.
The case of Sun Sales Co. v. Hodges, 224 So.2d 157 (La.App. 4th Cir. 1969) aff’d 256 La. 687, 237 So.2d 684 (1970) confirms the view that plaintiff had a vested, substantive right of seizure. That court said at page 160 of 224 So.2d:
“ * * * under LSA-R.S. 13:3921 et seq. seizure is made under a single garnishment not only of the accrued earnings due defendant for the work he has performed, but also so much of defendant’s fuhire earnings as is necessary to satisfy plaintiff’s claim. Thus when wages are garnished, unearned wages as well as earned wages are deemed to come under the seizure. * * * ” (Emphasis ours.)
Once judgment of garnishment was rendered, plaintiff had a vested right to the non-exempt portion of defendant’s salary, i. e., unearned future wages as well as earned wages, and we cannot permit application of a statute which would, under the present facts and circumstances, destroy that right. To apply the exemption under Act 242 in this instance would entirely defeat the judgment as plaintiff would be unable to garnish defendant’s wages.
The court in Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566 (1940), held that where any procedural statute violates or infringes upon a vested property right that that statute cannot be *812 retroactively applied. The court stated on page 570 of 197 So.:
“ * * * The general rule from which there seems to be no dissent is that, where a statute deals with procedure only, it applies to all actions, to those which have accrued or are pending as well as to future actions. This rule is subject to the qualification that such a statute is void or inapplicable if its operation will necessarily result in the impairing of contracts or the divestiture of vested property rights. Such statutes operate retrospectively and do not fall within the general rule that statutes must be construed as prospective in their operation unless the language used plainly shows a contrary intent. Paulsen v. Reinecke, 181 La. 917, 160 So. 629, 97 A. L.R. 1184; Landry v. Grace, 167 La. 1042, 120 So. 770; Whittington v. Payne, 151 La. 595, 92 So. 128; Cassard v. Tracy, 52 La.Ann. 835, 27 So. 368, 49 L.R.A. 272; Dunning v. West, 51 La.Ann. 618, 25 So. 306. See also Amendatory Acts, 59 C.J., Section 719, page 1181.” (Emphasis ours.)
35 C.J.S. Exemptions § 5 states:
“A law granting an exemption is deemed not to apply or operate retroactively unless the intention that it shall do so is clear; so it will not otherwise apply as against debts in existence prior to the date it became effective.”
The legislature gave no clear intention that the subject statute should have retroactive effect. Furthermore, in the case of Brown v. Indemnity Insurance Co. of North America, 108 So.2d 812 (La.App. 2nd Cir. 1959) the court in considering whether a law can be retroactively or retrospectively applied stated on page 814:
“Notwithstanding the general rule that statutes are construed to operate prospectively only, in the absence of a clear legislative intent to the contrary, statutes relating only to remedies or modes of procedure are generally held to operate retrospectively unless such application •would adversely affect substantive rights. 82 C.J.S. Statutes § 416, p. 992.” (Emphasis ours.)
We note the case of Favrot v. Parish of East Baton Rouge, 34 La.Ann. 491 (1882), wherein the court concluded that a legislative enactment which in effect nullified a parish tax which was passed for the purpose of paying a judgment was an infringement of a vested right and could not be adversely affected by subsequent legislation. The right involved in that case is the method of execution of a judgment as is the right involved herein. Significantly, the court determined that the statute was not remedial in nature but was substantive and accordingly could not be retroactively applied.
In light of the jurisprudence explicating when a law cannot be retrospectively applied, clearly the statute in the instant case falls into that category.
Each case must be decided in view of its own facts. Our determination is that the result of the increase in the exemption has the effect in this case of depriving the judgment creditor of his ability to execute on the judgment which he heretofore could do and was doing prior to the passage of the Act.
Accordingly, we are of the opinion that the judgment creditor, Hooter, would be deprived of a vested substantive right if Act 242 were applied. Therefore, the statute increasing the exemption cannot be retroactively or retrospectively applied. For these reasons, the judgment of the trial court is affirmed.
Affirmed.

. Act 242 of 1970 is the former R.S. 13:3881 as amended in 1960 and reads:
“The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever :
“(1) Seventy-five per centum of his disposable earnings for any week, or the amount by which his disposable earnings for that week exceed thirty times the federal minimum hourly wage prescribed by Section 6(a) (1) Fair Labor Standards Act of 19381 in effect at the time the earnings are payable but in no case shall this exemption he less than at the rate of seventy dollars per iceelc of disposable earnings or a multiple or fraction thereof according to whether the employee’s pay period is greater or lesser than one week. The term ‘disposable earnings’ means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld.” (Emphasis ours.)

. The total monthly exemption under Act 242 of 1970 amounts to more than defendant’s monthly salary.

. R.S. 13 :3921 reads :
“In every case in which the wage or salary of a laborer, wage earner, artisan, mechanic, engineer, fireman, carpenter, brick-layer, secretary, bookkeeper, clerk, employee on a commission basis, or employee of any nature and kind whatever, whether skilled or unskilled, shall be garnished either under attachment of fieri facias or as otherwise provided by law, a judgment shall he rendered hi/ the court of competent jurisdiction in which the garnishment proceedings may he pending fixing the portion of such wage, salary, commission or other compensation as may he exempt, as provided hy law and providing for the payment to the seizing creditor, of whatever sum for which judgment may he obtained, out of the portion of such compensation which is not exempt." (Emphasis ours.)

. R.S. 13 :3923 provides:
“It shall not be necessary that more than one writ of garnishment or one set of interrogatories be served on the garnishee in such cases, but the court shall render judgment providing for the monthly, semimonthly, weekly or daily payments to he made to the seizing creditor, according to the manner hest suited to the circumstances, until the indebtedness is paid. The court, in its discretion, may reopen the case upon the motion of any party concerned for evidence affecting the proper continuance of such judgment, and the court shall retain jurisdiction to amend or set aside its judgment at any time in its discretion. Should judgment by default be taken against any party garnishee, he may obtain a reopening of the case upon proper showing and within the discretion of the court.” (Emphasis ours.)