241 So.2d 802 (1970)
COBURN FINANCE CORPORATION, Plaintiff-Appellant,
v.
Tommy B. BENNETT, Defendant-Appellee.
No. 3261.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1970.
Wilkins, Robertson & Martin, by Richard B. Wilkins, Alexandria, for plaintiff-appellant.
Edward E. Roberts, Jr., Alexandria, for defendant-appellee.
Before FRUGÉ, SAVOY and MILLER, JJ.
FRUGÉ, Judge.
This action arose as a suit on a promissory note in the amount of $759. In answer *803 to the suit, defendant admitted that Coburn Finance Corporation held a promissory note executed by him which was the object of the suit, but denied that he was indebted to Coburn and reconvened against the plaintiff in the amount of $33, to recover one installment paid under the note. The trial court entered judgment dismissing plaintiff's cause of action and sustaining defendant's reconventional demand. We affirm.
Plaintiff, Coburn Finance Corporation, filed an action in Alexandria City Court on October 3rd, 1969, alleging that it was the holder or promissory note in the amount of $759 executed by the defendant, Tommy Bennett, on May 23, 1969. Plaintiff further alleged that Bennett made the first installment of $33 on the note, and that defendant failed to pay the next installment or any installment thereafter, and that Coburn was exercising his option to call the full amount due with interest and attorney fees as stipulated in the note.
Defendant does not deny that the note in question was executed by him. Bennett testified the note was executed to cover the purchase price of a 1963 Pontiac automobile. He testified that he desired to purchase the automobile despite the fact that he could not drive and had never had a driver's license.
Bennett could neither read nor write beyond signing his own name. The record indicates that when Bennett was nine years old, he was involved in an automobile accident sustaining serious head injuries and that following an operation, a steel plate was implanted in his head. Defendant's employer testified that the defendant apparently has the mentality of a five or six-year-old child.
The defendant was taken to Coburn's office for the purpose of signing a promissory note to secure the purchase price of the automobile. He informed an employee of Coburn that he worked at the Alexandria City Zoo. There was uncontradicted testimony in the record indicating that a secretary called the zoo and spoke with Mr. Knox, defendant's employer, to confirm the fact of defendant's employment. Mr. Knox's testimony as appears in the record was as follows:
"Q. What was the nature of this phone call, sir?
A. She asked me if Tommy Bennett if I had an employee by the name of Tommy Bennett working for me?
Q. Did you answer?
A. I told her I did and I said is he up there to borrow money and she said yes, and I said well don't lend him any money because I said he has a mind of about a five or six year old child, and I said please do not give him the money and she said okay and she hung up.
Q. Have you had any further connection with Coburn Finance Company since this date concerning Tommy Bennett?
A. Yes.
Q. What was the nature of this?
A. A man came up to collect the money from him and I talked to the man and that's when he had a suit going, and I told the man exactly what happened, and he said yes, the woman went and told the manager what you said and the manager said go ahead and give him the money anyway." Tr. 7, 8.
The record indicates that when the defendant attempted to drive the automobile away from the lot where he purchased it, he lost control of the car, struck a parked car, and after hitting the emergency brake in an attempt to stop for a red light, turned the car over.
The sole issue for our consideration in this case is whether or not the defendant had the contractual capacity to make the *804 contract in question. Certainly, as is stated in the Louisiana Civil Code:
"No contract is complete without the consent of both parties * * *" Article 1766 RCC.
In addition, Article 1788 RCC states:
"The contract, entered into by a person of insane mind, is void as to him for the want of that consent, which none but persons in possession of their mental faculties can give. * * *"
It is not contended that the defendant was insane at the time of making the transaction. It is only contended that the defendant was not in sufficient possession of his mental faculties so as to allow him to give consensual approval to the entrance into a contractual relationship. The plaintiff, Coburn, had notice of the possibility that defendant might be mentally deficient.
Coburn chose to enter into this contractual relationship with a 22-year-old who could neither read nor write beyond signing his own name, and who apparently from his speech showed signs of mental deficiency. In addition thereto, Coburn had been informed by defendant's employer that in his opinion defendant had the mentality of a five or six-year-old child, did not know what he was doing, and should not be loaned the money or allowed to enter into the contractual arrangement. Despite all of this, Coburn without further checking or investigation, chose to proceed.
The trial court had before it ample evidence from which it could properly conclude that the contract was voidable by the defendant for want of his consent, due to his lack of contractual capacity.
We find no error in the ruling of the trial court.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Appellant to pay all costs.
Affirmed.