295 So.2d 880 (1974)
Willie STEVENSON
v.
BENEFICIAL FINANCE CO. OF HAMMOND et al.
No. 9837.
Court of Appeal of Louisiana, First Circuit.
May 28, 1974.
Rehearing Denied July 3, 1974.
Iddo Pittman, Jr., Hammond, for plaintiff-appellant.
Leonard Yokum, Sr., Dist. Atty., and A. C. Powell, III, Hammond, for defendants-appellees.
*881 Before SARTAIN, J., and BAILES and VERON, JJ.
BAILES, Judge Pro Tem.
Plaintiff instituted this suit in the court a quo seeking annulment of a default judgment rendered against him in the matter entitled Thrift Funds of Hammond, Inc. v. Willie Stevenson, No. 5813B. From a judgment adverse to his demands, plaintiff appeals. On our finding that the judgment appealed is correct, we affirm.
Plaintiff argues on this appeal that the trial court erred in not annulling its original default judgment as he is an incompetent person against which judgment cannot be rendered under the provisions of Code of Civil Procedure Article 2002(1). As an additional ground for reversal, plaintiff argues that the Hammond City Court had no jurisdiction to recognize the rights of a mortgage holder in a suit on promissory notes, as this was an action involving title to real estate and the City Court was without jurisdiction under the provisions of Article 7, Section 51 subd. B of the Louisiana Constitution and Article 4834 of the Louisiana Civil Code of Procedure.
Willie Stevenson obtained several loans from Thrift Funds of Hammond, Inc., and granted chattel mortgages on household goods as well as real estate mortgages on a small dwelling and lot situated in Hammond, Louisiana. In the matter entitled Thrift Funds of Hammond, Inc. v. Willie Stevenson, number 5813B City Court of Hammond, Ward 7, Thrift Funds of Hammond obtained a default judgment against Willie Stevenson on a promissory note for $519.75, with 8% interest from December 18, 1970, plus an additional 25% as attorney's fees; and judgment on another promissory note for $432.79, plus interest at the rate of 8% per annum from December 1, 1970, until paid. This judgment is dated March 29, 1971, and recognized plaintiff's chattel and real estate mortgages on the property of the defendant.
The judgment was transferred by Thrift Funds of Hammond, Inc. to Beneficial Finance Company of Hammond, Louisiana. Beneficial thereafter obtained a writ of fieri facias from the City Court of Hammond, and the City Marshal seized the real estate of Willie Stevenson, and it was sold at a Marshal's sale to satisfy the judgment. Willie Stevenson made no appearance in any of these proceedings and did not attempt to enjoin the Marshal's sale. Beneficial Finance Company acquired this property at the Marshal's sale and thereafter sold it to Mr. Damien Kinchen, and Mr. Kinchen conveyed the property to Mr. Carl Ferrara. Mr. Ferrara, in a separate proceeding in the Hammond City Court, brought an eviction suit to obtain possession of the real estate and dwelling house from Willie Stevenson. After judgment was rendered in the eviction suit, plaintiff instituted the instant litigation seeking to annul the original default judgment claiming that he was so severely mentally retarded that he was an incompetent within the meaning of Code of Civil Procedure Article 2002(1) and any judgment rendered against him was null and void.
The facts in the record reveal that plaintiff was employed as a caretaker for the Greenlawn Cemetery Association in Hammond, Louisiana, and earned a wage of about $60.00 per week. He acquired the property title to which he seeks to reclaim herein by a judgment of possession rendered in the succession of his mother in the proceeding entitled Succession of Alice Williams, on the docket of the Twenty-first Judicial District Court, Parish of Tangipahoa, which judgment is dated May 13, 1949. In the succession proceeding Willie Stevenson appeared in his own behalf.
Plaintiff did not appear at the trial of this litigation, and the evidence of his incompetence consists of the testimony of his attorney, Mr. Pittman, and a letter report filed into the record from Dr. William MacNutt, Clinical Psychologist, which letter *882 report rates Willie Stevenson as a "mildly retarded individual."
Plaintiff offered no other evidence. He argues on this appeal that on the basis of the testimony of his attorney, the letter report classifying him as a mildly retarded individual, and the fact that chattel mortgage contracts were offered in the record indicating that on July 5, 1966, the plaintiff purchased a G.E. phonograph from Chehardy's Store, Inc.; on April 22, 1968, Willie Stevenson purchased a black and white television from Rossie, Inc.; on June 18, 1968, he purchased a 21 inch conbination T.V. at Rossie, Inc.; on February 1, 1969, he purchased a Zenith Stereo from Drude's Value Center; on August 8, 1969, he purchased a G.E. Radio from Drude's Value Center; and on June 13, 1970, he purchased a Home Entertainment Center, stereo and color television at Stafford Furniture, the plaintiff is obviously abnormal and has been taken advantage of.
We find the plaintiff has fallen short of proving he was an incompetent against whom a judgment was rendered.
The plaintiff is not claiming that he is a person of insane mind. The law is settled that one who asserts he was insane at the time he entered into an agreement and remained so must be under interdiction at the time the suit is filed, otherwise, the suit must be dismissed as it discloses no cause of action.
The Supreme Court, in Ponder v. Pechon, 274 So.2d 386, in referring to LSA-C.C. Article 1788, said:
"[1, 2] Paragraph 4 of the Article is explicit. A contract of a living party may be attacked in a direct action on the ground of insanity only after interdiction.
* * * * * *
"We hold, therefore, as did the Court of Appeal, that an action to annul a contract of a living party because of insanity cannot be maintained in the absence of interdiction prior to suit."
Plaintiff relies on the legal theory that his mental capacity was such that anyone engaging in any business transaction with him would have immediately recognized his infirmity.
Civil Code Article 402 provides as follows:
"No act anterior to the petition for the interdiction shall be annulled, except where it shall be proved that the cause of such interdiction notoriously existed at the time when the acts, the validity of which is contested, were made or done, or that the party who contracted, with the interdicted person, could have been deceived as to the situation of his mind.

Notoriously, in this article, means that the cause of interdiction was generally known by the person who saw and conversed with the party."
In Smith v. Campbell, 196 So.2d 662 (La.App. 1st Cir. 1967), we stated that plaintiff bears the burden of proving that he was mentally and physically incapacitated to such an extent that this fact was generally known as such in the community, and the fact was known that he was incompetent to transact his business and to realize what he was doing.
Plaintiff has not established that his mental incapacity was a fact generally known in the community. The instant case is to be distinguished from the situation presented in Coburn Finance Corporation v. Bennett, 241 So.2d 802 (La.App., 1970), as in that case an employee of Coburn Finance Corporation had been specifically informed that the defendant Bennett had a mentality of a five or six year old child and did not know what he was doing, however, after receiving this information, the plaintiff finance company chose to proceed to enter into the contractual arrangement without further checking or investigation.
*883 As an additional ground for the reversal of the City Court's judgment, plaintiff contends that the City Court of Hammond was without jurisdiction over the subject matter of the Thrift Funds of Hammond, Inc. v. Willie Stevenson suit. Plaintiff alleges that the City Court of Hammond was without jurisdiction to render a money judgment on the promissory notes sued upon, and at the same time recognized the rights of the holder of these notes to enforce the real estate mortgages securing the notes.
Article 7, Section 51, subd. B of the Louisiana Constitution contains the Constitutional authority for the jurisdiction of the City Courts throughout the State. Articles 4833 and 4834 of the Code of Civil Procedure, and the limitations on jurisdiction imposed by Article 4836 of the Code of Civil Procedure. There is no limitation or restriction imposed on the City Courts of this State which would prohibit the issuance of a writ of fieri facias and a sale of immovable property in the enforcement of a valid money judgment rendered by a City Court.
There is no prohibition against the holder of a promissory note, within the monetary limitations of the city court jurisdiction, secured by mortgage on real estate, entering suit in the city court and seek therein judgment for the amount owing and for recognition of the securing mortgage.
LSA-C.C.P. Article 4837 expressly authorizes executory proceedings involving immovable property to be initiated in a city court provided the other requirements as to procedure are followed.
Even more assuredly, it is within the jurisdiction of the city court to entertain an action via ordinaria.
We find no merit to plaintiff's complaint that the trial court lacked jurisdiction to render the judgment on which the writ of fieri facias was issued and the property sold in satisfaction thereof.
Accordingly, for the foregoing reasons, the judgment appealed is affirmed at appellant's cost.
Affirmed.